## BELT *v.* LAZENBY, executor.

1. When a defendant, after demurring to a petition at the appearance term, dies during such term and before the time allowed by law for .demurring has expired, and the executor of his will is, at the next succeeding term, made a party defendant in his stead, and thereupon immediately offers to amend the demurrers filed by his testator, it is not erroneous to allow him to do so.

2. The compromise of a contention as to property rights, the final outcome of which, if settled by litigation, the parties consider to be doubtful, furnishes a consideration sufficient to support the compromise contract.

3. It is well settled that in equity the termination of family controversies affords a consideration which is sufficient to support a contract made for such purpose.

4. Where an action is founded upon an alleged contract which is of a class which the statute of frauds requires to be in writing, and the petition fails to disclose whether it was written or oral, it will, upon demurrer based upon the statute, be presumed that such contract was in writing.

5. An agreement to devise, if founded upon sufficient consideration, is, after death of the party who agreed to devise, enforceable against his sole heir at law, by treating the heir as a trustee and compelling him to convey the property in accordance with the contract; and where the agreement is entire and embraces both real and personal property, and the estate of the decedent is unrepresented and owes no debts, and the heir is in possession of all of such property, it is not necessary, in order to enforce the contract in its entirety, to have an administrator for such estate appointed and made a party defendant to the suit. In such a case, equity having obtained jurisdiction over the subject-matter and over the heir for the ·purpose of enforcing the contract as to the land against him, may enforce the whole of the contract against him.

6. Where in an action against an heir to enforce specific `performance of the contract of his ancestor to devise designated property to the plaintiff, the petition, after setting forth the alleged agreement, alleges that

such ancestor, prior to his death, "gave direction regarding the turning over of said property to petitioner," such allegation is not subject to demurrer upon the ground that it fails to state to whom such direction was given, nor because such direction, if given, would not authorize a recovery or justify a representative of the ancestor's estate in delivering the property to the plaintiff.

7. Where in an action of the character above indicated the petition alleged, that the circumstances leading up to the contract sought to be enforced were, that certain described property had been devised to the plaintiff by her brother, its deceased former owner, but that after his death the will was surreptitiously destroyed without being probated, and the widow of the testator had gone into possession of such property as his sole heir at law; that the contention in reference to the will continued an open one in the family for years; that the plaintiff contended that the will had not been revoked, but surreptitiously destroyed after the death of the testator, and that she was entitled to the property, while the testator's widow contended otherwise; and that they finally compromised and settled their conflicting claims by entering into the contract in question, which had been fully performed by the plaintiff, such petition was not demurrable because no copy of the alleged will was attached thereto, nor the substance of the same stated therein, nor because the date of the will and the names of the subscribing witnesses thereto were not stated; nor was it demurrable because it failed to allege whether there had been any administration upon the estate of the alleged testator.

Submitted July 18,—Decided November 14, 1906.

Equitable petition. Before Judge Holden. Warren superior court. November 4, 1905.

Mrs. E. T. Belt brought an equitable petition against R. P. Henry Lazenby. The petition made the following allegations: Petitioner's brother, Henry A. Jones, died in 1854, leaving a will devising to her a described tract of land and one hundred and seventy-four shares of Georgia Railroad & Banking Company stock. (Par. 3) "Said will was destroyed after testator's death before being probated, and the widow of said Henry A. Jones, Minerva Lazenby Jones, went into possession of the estate of her said husband as his sole heir at law. The contention with reference to the will of said Henry A. Jones continued an open one in the family for years, when on the —— day of March, 1887, said Minerva Lazenby Jones sent for your petitioner, and your petitioner came to Warren county. Said Mrs. Jones then made a full disclosure of the facts relative to said will, which are not necessary to be stated here, and made with your petitioner a full accord and satis-

faction and settlement and compromise of all contentions existing between them in reference to the estate of said Henry A. Jones." (Par. 4) "Under said agreement your petitioner was to receive from said Mrs. Jones the dividends accruing from said one hundred and seventy-four shares of railroad stock from the date of said agreement, and said Mrs. Jones was to continue to possess the remainder of said property received from said Henry A. Jones' estate during her life, and was to will both said stock and the remainder of said property to your petitioner if she survived said Mrs. Jones, or, if not, to the children of petitioner." (Par. 5) "Under the terms of said agreement all the said dividends were paid to petitioner from time to time, and said Mrs. Jones remained in undisturbed enjoyment of the remainder of said property, until her death on the 6th day of August, 1903." (Par. 6) "Prior to the death of said Mrs. Jones she gave direction regarding the turning over of said property to petitioner, who lived in a distant county, but failed to make said will." (Par. 7) The defendant Lazenby, "was the brother of said Mrs. Jones and her only heir at law, and has received possession as such both of said railroad stock and said described tract of land. He has received since the death of Mrs. Jones, besides other properties, the dividends from said railroad stock to the amount of about nineteen hundred and fourteen dollars." (Par. 8) He "is deeding away some of said land and is about to sell and transfer said railroad stock, and if said property should pass into the hands of innocent purchasers for value without notice, the equities of petitioner would be defeated, he not having sufficient means to respond to her claim against him." (Par. 9) "Your petitioner, under said agreement, has for sixteen years received the dividends from said stock, and for said time has suffered the undisturbed possession by Mrs. Jones of the remainder of said property, and the same has been fully executed, and there remains but that petitioner should have evidence of her title covered by said agreement, her equity therein being perfect by reason of the execution of said agreement, as well as by the making thereof."

The petition was afterwards amended as follows: "Petitioner can not . . attach a copy of the will of said Henry A. Jones, . . because the same has been destroyed, but in substance said will gave a money legacy to a relative in Mississippi, and a small legacy to his wife, but the remainder of the property, including

that sued for in this case, was devised absolutely to your petitioner. Said will was executed in the presence of three witnesses, to wit: Amending Par. 3 of the petition, petitioner shows that up to 1887 she contended that said will had not been revoked by the testator in his lifetime, but had been surreptitiously destroyed after his death, and that petitioner was really entitled to said property from testator's death, with all the income therefrom. Said agreement was had in compromise of said contentions, petitioner, as ·a consideration therefor, waiving a part of her contentions, and conceding to Mrs. Jones all past income, and the income of all save said railroad stock during the life of said Mrs. Jones, and also in consideration of the honor of the family. The terms of said agreement are fully set out in the petition. The transfer of said railroad stock was postponed to the death of Mrs. Jones because of a desire to prevent publicity, and petitioner also agreed not to publish the circumstances leading to said settlement, and has kept said agreement. Amending Par. 5, petitioner alleges that said stock dividends were paid to her as they accrued or as she applied for them, from time to time, the original dividend checks being sent sometimes, and sometimes other forms of remittance. Petitioner has kept no account thereof. Amending Par. 7, petitioner alleges that the estate of Mrs. Jones owes no debts, and the estate of said R. P. H. Lazenby alone has any interest in the property sued for adverse to petitioner."

The prayers of the petition were: (1) that title to the land and railroad stock be decreed to be in petitioner, with right of possession from the date of Mrs. Jones' death; (2) for judgment against the defendant, Lazenby, for the rents of the land and dividends from the stock since that time; (3) that if for any reason any of said property "can not be delivered over and directed to belong to petitioner," damages be allowed her in lieu thereof; (4) for an order enjoining the transfer and sale of the property pending the suit. The petition was demurred to both generally and specially, and on many grounds. The court sustained the demurrers generally, and dismissed the petition; to which ruling petitioner excepted.

*L. D. McGregor* and *Samuel H. Sibley,* for plaintiff.

*Lamar & Callaway* and *John T. West,* for defendant.

Fish, C. J. (After stating the facts.)

1. The suit was returnable to the October term, 1904, of Warren superior court. The defendant died during that term and before the time for demurring to plaintiff's petition had expired. At the succeeding term R. A. Lazenby, executor of the defendant's will, was by consent made party defendant to the action, and he immediately offered amendments to demurrers filed by the original defendant, which were allowed over the objection of petitioner that they came too late. One of the errors assigned in the bill of exceptions is the allowance of these amendments. This assignment, in our opinion, is not meritorious. The time allowed by law for filing demurrers had not expired at the death of the original defendant, and when the executor of his will was made a party defendant he came into the case where it was left by his testator, and as his testator had further time in which to demur, he was entitled to like time for such purpose.

2, 3. Several of the grounds of the demurrer attack the agreement, as set out in the third and fourth paragraphs of the petition and the amendments thereto, as being absolutely without consideration and a mere gratuitous or voluntary agreement. The action is to enforce a right which the plaintiff claims she acquired under the alleged agreement with Mrs. Jones. The petition, in effect, alleges, that Mrs. Belt, the plaintiff, had, since the death of her brother, Henry A. Jones, continuously contended that the property in dispute belonged to her, by reason of the fact that he had left a will in which he devised and bequeathed it to her, which will had been surreptitiously destroyed and never probated; that she was entitled to the possession of the property and the dividends which had accrued on the railroad stock since her brother's death; that Mrs. Jones "contended otherwise," that is, she denied the contentions of Mrs. Belt; that in 1887 Mrs. Belt and Mrs. Jones compromised and settled their respective contentions by entering into an agreement under which Mrs. Belt released all claim to past dividends on the stock, for past rents and profits on the land, and agreed that Mrs. Jones should have the use of the land during her life, Mrs. Jones, on her part, agreeing that Mrs. Belt should have the future dividends on the railroad stock and that she, Mrs. Jones, would, by will, devise and bequeath all the property to Mrs. Belt, if she survived Mrs. Jones, or, if not,

then to Mrs. Belt's children. It was further alleged, in substance, that Mrs. Belt fully complied with all her undertakings as agreed upon, and that Mrs. Jones complied with what she agreed to do, except as to leaving a will disposing of the property as she had promised.

It is evident that the claims or contentions of Mrs. Belt were, originally, if meritorious, of considerable value. Whether there was ever really any merit in them, and, if so, whether at the time of the compromise agreement they had become barred by the statute of limitations, are immaterial questions, if at the time of the compromise she honestly believed in them and so made them in good faith. Her claim was that her contentions were meritorious, which was disputed by Mrs. Jones, and such dispute was compromised and settled by the alleged agreement. If, as alleged, the compromise agreement was made, the original claims or contentions of Mrs. Belt were at an end; they were merged in the agreement between the parties. In *City Electric Co.* v. *Floyd County,* 115 *Ga.* 655, it was held: "Where a disputed claim, dependent upon a legal question, is settled and adjusted by the parties, and a contract between them is accordingly made whereby one promises to pay to the other a sum of money, the promisor is bound thereby, though such question be really free from doubt, and properly solved would have absolved him from all liability." In the opinion in that case, delivered by the present writer, the following language was approvingly quoted from a well known and often cited legal publication: "Moreover, in order to render valid the compromise of a claim, it is not essential that the matter should be really in doubt. It is sufficient if the parties consider it so far doubtful as to make it the subject of a compromise." It is also well settled that in equity the termination of family controversies furnishes a sufficient consideration to support agreements for such purposes, and that its powers will be freely and readily used to enforce them. *Watkins* v. *Watkins,* 24 *Ga.* 402; *Fulton* v. *Smith,* 27 *Ga.* 413; *Smith* v. *Smith,* 36 *Ga.* 184.

4. Other grounds of demurrer were, that the petition did not set forth a cause of action, because the alleged agreement was a contract concerning the title to land; that it was not to be performed within one year from the making thereof; that it was testamentary in character; that the action was an effort to set up an express

trust; and that it did not appear that such agreement was in writing. The petition was not open to such demurrers, for, granting that the agreement is of the character stated in the demurrers, and, therefore, necessary to be in writing, it does not appear that it was not in writing, and the law will presume that it was in writing, if required so to be. *Eaton* v. *Barnes*, 121 *Ga.* 548; *Delaware Ins. Co.* v. *Penn. Fire Ins. Co.*, ante, 380.

5. Another ground of demurrer was, that the petition seeks to have title to the land and railroad stock decreed to be in the plaintiff, without making the representative of Mrs. Jones' estate a party defendant, which is alleged to be essential. It does not appear from the petition that there is, or ever was, any administration upon the estate of Mrs. Jones. As the petition alleges that the estate owes no debts and that the defendant, as the sole heir at law of Mrs. Jones, has received possession of all the property involved in this suit, the presumption is that there is no administration. Under such circumstances we can see no necessity whatever for having an administrator appointed and making him a party to this action. Upon the death of Mrs. Jones the title to the real estate vested in the defendant, as her sole heir at law, and as such he took possession of it. It seems well settled that an action for specific performance of a contract to convey land, where there is no purchase-money still to be paid, may, when the party contracting to convey is dead, be brought against his heir at law, without making the representative of his estate a party defendant. This was done in *Rowe* v. *Maddox*, 23 *Ga.* 431, where a son, after the death of his father, brought, against the other heirs at law of the father, a bill for specific performance of his agreement to devise certain lands to the complainant, but the question whether the suit was properly brought, without making the legal representative of the father's estate a party defendant, does not appear to have been distinctly made, the ruling there made being simply that the bill was not subject to demurrer for the want of equity therein. In 26 American and English Encyclopedia of Law, 91, 92, it is said: "Equity will take cognizance of and specifically enforce a valid contract for the testamentary disposition of the estate of a decedent. Thus, agreements to devise, if founded upon a sufficient consideration, are enforceable against heirs, devisees, or representatives, as though the deceased obligor were a party to the suit, by treating

the heirs as trustees and compelling them to convey the property in accordance with the terms of the contract." Pomeroy lays down the rule in the following language: "If the vendor dies before the completion, the suit must be brought against his heirs, or against his devisees, if the land in question has been devised, and where the heirs are sued all of them should be joined. If the suit is against a devisee of the land in question, it does not seem to be necessary to join the heirs, unless the will is disputed. If the purchase-money remains unpaid in whole or in part, the personal representatives of the vendor are also necessary codefendants, and they are always proper parties." Pomeroy on Contr. Spec. Perf. (2d ed.) § 494. In a note to the text it is said: "If the purchase-money has been paid in full, either to the vendor during his life, or to his administrators after his death, then the heirs would seem to be, in general, the only necessary defendants. But the personal representatives are always eminently *proper* parties defendant to meet any possible question as to payment, and to be concluded by the decree, and by the English rule they seem always to be joined."

A statute of Iowa authorized a proceeding against an executor or administrator for specific performance of a contract to convey realty, made by the decedent; and in Fulwider *v.* Peterkin, 2 G. Greene, 522, it was held that, in such a proceeding, it was not necessary to make the heirs parties to the conveyance. But, on the other hand, in Judd *v.* Mosely, 30 Iowa, 423, it was held: "In a proceeding to enforce against an estate specific performance of a contract to convey real estate, executed by the decedent, the administrator is a proper but not a necessary party, and the proceeding may be against the heirs alone." In the opinion it was said: "Generally, under the statute, the action *may* be brought in the first instance, against the executor, but the statute does not require that it *must* be against the executor or administrator. But for this statutory provision the action could not be brought against him; he represents only the personal property of the decedent. The real estate descends to the heir, and in the present case it is the heir who refuses to convey." It was held in Newton *v.* Swazey, 8 N. H. 9, "A bill for specific performance may be maintained against the heirs of the vendor." This was fully recognized in Traphagen *v.* Traphagen, 40 Barb. 537, where it was held that,

"Where one has entered into possession of land under a parol contract for the purchase ·and conveyance thereof, and has remained in possession ever since, and has fully performed the agreement on his part, by paying· the stipulated price, he will be regarded as the owner of the .land, and on a bill filed for that purpose would be entitled to a decree for a specific performance and for the execution and delivery of a deed from the vendor, if living, or his heirs or devisees if he be dead." On the same line, it was held in House *v.* Dexter, 9 Mich. 246, that "The heir at law of the .vendee, and not the administrator, is the proper party complainant to a bill in chancery to compel the specific performance by the· vendor of a contract for the conveyance of lands." .In that case the bill was filed by the administrator and dismissed upon demurrer for want of proper parties plaintiff, and the court held that it was not even amendable by making the heirs at law of the vendor parties plaintiff.

We do not think that the fact, in the present case, that the testamentary provision provided for in the contract between Mrs. Belt and Mrs. Jones embraced both realty and personalty rendered it necessary to make an administrator upon the estate of Mrs. Jones a party defendant to the action. Both the land and the railroad stock were in the possession of the sole heir at law, and the estate owed no debts. There being no debts of the estate to be paid and no distribution thereof to be made, there was no necessity whatever for an administration, unless one were necessary merely for the purposes of this suit. We fail to see how it is necessary to have an administrator appointed and then made a party defendant to this action merely because there was personalty as well as realty embraced in the contract. Under the facts alleged, the title to the personal property, as well as that to the land, was in the heir at law. The ruling in *Kent* v. *Davis,* 89 *Ga.* 151, is to this effect. There an equitable petition was brought by the heirs at law of a decedent, who had died intestate, to set aside conveyances of both realty and personalty made by him, which were alleged to have been procured by the fraud and undue influence of the grantee, when the grantor was incapable of transacting business, and for an accounting by the defendant grantee for the personalty which he had thus received, the petition alleging that the estate of plaintiffs' ancestor owed no debts and that there had been no administration

upon the same. The petition was demurred to upon the ground that the title to the personalty was not in the plaintiffs, the right to sue being only in the administrator of their ancestor's estate, and the demurrer was overruled. This court, affirming the judgment of the court below, held that the petition could be maintained, the trial court having the power, if in its discretion deemed necessary, to require the plaintiffs, in the event they recovered for the personalty, to give bond to indemnify the defendant grantee for any loss to which he might be subjected by a recovery against him by an administrator thereafter appointed at the instance of creditors of the estate. This decision was approvingly cited in *Eagan v. Conway,* 115 *Ga.* 130, 134, where it was held that heirs at law of the maker of an instrument purporting to convey to another described realty, and to vest in him title to certain cash owned by the maker which, in pursuance of the terms of the instrument, was actually delivered to the other party thereto, could, after her decease, when there were no debts against her estate, maintain an equitable action to cancel the instrument, on the ground of fraud in its procurment, so far as related to the realty; "and [that] the court, having taken jurisdiction for this purpose, would be warranted in retaining it over the entire controversy, and to this end adjudging that the heirs recover the money obtained as here indicated from the deceased." In the case with which we are dealing it is clear that the suit for specific performance, in so far as it related to the land, was properly brought against the sole heir at law of Mrs. Jones; and inasmuch as the contract sought to be enforced was entire, and he was the only one besides the plaintiff who had, or claimed, any interest in the personalty embraced in the contract, the court, having obtained jurisdiction over the subject-matter and over him, could enforce the contract in its entirety against him. Under the facts alleged, he, in equity, held the legal title to the property in trust for its equitable owner.

6. Paragraph 6 of the petition was demurred to upon the ground that it was not stated therein to whom the alleged direction was given by Mrs. Jones to turn the property in question over to Mrs. Belt, and because such direction, if given, would not authorize a recovery or justify the representative of Mrs. Jones' estate in delivering the property to the plaintiff. The allegation that Mrs. Jones gave direction to turn over the property to the plaintiff is

wholly immaterial as pleading. It is merely the allegation of a fact which, without such allegation in the petition, might, if the evidence as to the making of the contract should be conflicting, be proved, as a circumstance tending to corroborate evidence that the contract was made. In other words, it is a mere statement of a circumstance which, if true, would go towards corroborating the plaintiff's contention that Mrs. Jones agreed to devise the property to her. We do not think that the plaintiff was required to allege by whom she expected to make such proof, by giving the name of the person to whom the direction was given. Of course, such direction, standing alone, would not authorize or justify the representative of Mrs. Jones' estate in delivering the property to the plaintiff, and there is nothing in the case to show that the plaintiff so contended.

7. There was no merit in the point, raised by several grounds of demurrer, that no copy of the will of Henry A. Jones was attached to the petition, nor the substance of such will, the date, and names of the subscribing witnesses stated, nor any allegation as to whether there was any administration upon the estate. As we have already said, the right sought to be enforced by the plaintiff is based upon the alleged agreement between her and Mrs. Jones, and no recovery is sought by virtue of any right claimed under the alleged will of Henry A. Jones. The claims of the plaintiff under such alleged will were compromised and settled by the agreement with Mrs. Jones, and were merged therein.

The court erred in sustaining the demurrer and the judgment is therefore                    *Reversed. All the Justices concur.*