### 8274. DICKERSON v. DICKERSON.

JENKINS, J. 1. It is well settled that the law favors compromises, when made in good faith, whereby disputed claims are settled, and especially is this true when related to family controversies; and a promise, when thus made, in extinguishment of a doubtful claim, furnishes sufficient consideration to support a valid contract. While it is not necessary that the contention which forms the basis of such a compromise shall be meritorious in order to support the promise, yet it is essential, in order to furnish a consideration therefor, that the contention be made in good faith and be honestly believed in.

2. The contention of the plaintiff that his deceased wife was indebted to him for services rendered does not support a promise on the part of his son to pay a stated sum of money in order to prevent action against the decedent's estate, it appearing, from the plaintiff's own testimony, that the deceased wife had only a life-estate in certain realty, and owned no other property whatever. *Bass* v. *Bass*, 73 *Ga.* 134 (*c*); *Belt* v. *Lazenby*, 126 *Ga.* 767 (56 S. E. 81).

3. While ordinarily the question of good faith in such a transaction is a question for the jury, the trial judge in this case did not err in granting a nonsuit.

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*
DECIDED FEBRUARY 1, 1917.

Complaint; from DeKalb superior court—Judge Smith. September 6, 1915.

*A. M. Brand,* for plaintiff. *Alonzo Field,* for defendant.