842

19862, 19894. Armour Fertilizer Works *v.* Wynne Mercantile Company; and *vice versa.*

Bell, J. 1. In order to render valid a contract of accord and satisfaction, "it is not essential that the matter should be really in doubt; but it is sufficient if the parties consider it so far doubtful as to make it the subject of compromise. *City Electric R. Co.* v. *Floyd County,* 115 *Ga.* 655 (42 S. E. 45); *Belt* v. *Lazenby,* 126 *Ga.* 767 (56 S. E. 81). But it is necessary, in order to furnish a consideration for such compromise agreement, that the contention be made in good faith and be honestly believed in. *Dickerson* v. *Dickerson,* 19 *Ga. App.* 269 (91 S. E. 346)." *Preston* v. *Ham,* 156 *Ga.* 223, 234 (119 S. E. 658). Accordingly, where one of the parties brings suit upon such an agreement, it is permissible for the defendant to plead and prove that the contention made by the plaintiff and acceded to by the defendant as the basis for the compromise was not asserted in good faith, and, hence, that such contention afforded no consideration for the defendant's promise. In the instant case such want of good faith was expressly pleaded as a defense, and there was some evidence to sustain the plea. *Riley* v. *London Guaranty &c. Co.,* 27 *Ga. App.* 686 (109 S. E. 676).

2. In a suit upon a compromise agreement duly entered into, it is not a good defense for the defendant to show that his contention in reference to the original obligation was correct (*Tyson* v. *Woodruff,* 108 *Ga.* 368, 33 S. E. 981; *Belt* v. *Lazenby,* 126 *Ga.* 767 (2), 56 S. E. 81); but where the defendant has challenged the good faith of the plaintiff in making the contention which resulted in the defendant's agreement to compromise, evidence of the facts surrounding the original transaction may be relevant upon the question of good faith or want of good faith on the part of the plaintiff. *Riley* v. *London Guaranty &c. Co.,* supra; *Alfred Struck Co.* v. *Slicer,* 23 *Ga. App.* 52, 55 (97 S. E. 455).

3. Where parties have, through a series of letters, entered into what appears to be a contract, and suit is brought by one of the parties, it is not error to strike from the petition specific and detailed allegations with reference to some matter mentioned in a general way in one of the letters, but entirely eliminated as any part of the subject-matter of the agreement by the final offer and acceptance which resulted in the contract.

4. Applying these rulings, there was no error in sustaining the demurrer to certain parts of the plaintiff's petition; the court did not err in admitting the evidence objected to; the verdict found for the defendant was authorized by the evidence; and there was no error in refusing a new trial.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. Jenkins, P. J., and Stephens, J., concur.*

Decided February 1, 1930.

*C. C. Crockett, Thomas J. Sappington,* for plaintiff.
*J. H. Milner,* for defendant.