25614, 25627. WAXELBAUM *v.* WAXELBAUM; and *vice versa.*

DECIDED OCTOBER 29, 1936. REHEARING DENIED DECEMBER 10, 1936.

*Jones, Johnston, Russell & Sparks,* for plaintiff in error.
*Martin, Martin & Snow,* contra.

SUTTON, J. Mrs. Elizabeth W. Waxelbaum filed suit against Joseph Waxelbaum, alleging that he was due her a balance of $425, plus interest, on a contract dated March 4, 1905, between the defendant and her deceased husband,· David Waxelbaum. In the contract, a copy of which was attached to and made a part of the petition, it was provided that for a certain named consideration Joseph Waxelbaum obligated himself to make, on the first day of each month, a monthly payment of $25 to his brother, David Waxelbaum, which payments were to continue during the joint lives of the two brothers, and on the death of David Waxelbaum the monthly payments of $25 were to be made to the petitioner for and during her widowhood, and, should she not remarry, during her natural life. It was alleged that David Waxelbaum died early in 1932; that thereafter the defendant made the monthly

payments of $25 until July, 1932, from which date he made payments of $15 per month to petitioner until January 1, 1935, at which time payments were discontinued altogether; and that he has refused to pay the sum due her, although she is now, and has been a widow since the death of her husband, David Waxelbaum. The defendant filed a demurrer on the grounds that it appears from the petition that no legal interest is vested in the petitioner under the agreement, and that she has no right of action thereon in her own name. The demurrer was overruled, and exceptions pendente lite were preserved. The defendant filed also an answer and an amendment, to which the petitioner filed a demurrer on several grounds, which was overruled, and exceptions pendente lite were preserved. On the trial the court, after hearing evidence, directed a verdict for the petitioner. The defendant filed a motion for new trial on general grounds and special grounds. The court overruled the motion. The case is before this court on a bill of exceptions assigning error on the overruling of the defendant's general demurrer and his motion for new trial, and on cross-bill of exceptions assigning error on the overruling of the plaintiff's demurrer to the answer of the defendant.

In the view that we take of the case it is necessary only to pass upon the general demurrer of the defendant. The cases in different jurisdictions are not in harmony as to whether or not a beneficiary under a contract can maintain a suit thereon in his own name, but it is clearly shown by the decisions in this State that the English rule prevails in Georgia. That rule is embodied in the Code, § 3-108: "As a general rule, the action on a contract, whether express or implied, or whether by parol or under seal, or of record, shall be brought in the name of the party in whom the legal interest in such contract is vested, and against the party who made it in person or by agent." As suggested in that section, there are exceptions to the general rule, and the Reports of this State contain many cases in each class. In *Sheppard* v. *Bridges,* 137 *Ga.* 615 (74 S. E. 245), Mr. Justice Lumpkin reviewed in the main the former decisions in point; and in *Shropshire* v. *Rainey,* 150 *Ga.* 566, 571 (104 S. E. 414), reference was made to cases falling under the general rule and those under the exceptions. From the cases so discussed the rule may be gathered, that, for the right to exist in a beneficiary to maintain in his own

name an action on the contract between other parties, and in which some benefit was supposed to be given to him, one of three possible situations must exist: (a) he must have been a party to the contract or in privity, or (b) a trust must have been created for him under the contract, or (c) his relation or status must have been changed. The present case does not come within any of the exceptions to the general rule. Clearly Mrs. Waxelbaum was not a party to the contract or in privity therewith in any sense. It is not shown that she was even present when the contract was made, so far as the writing discloses, or that it was in pursuance of any right in her. But it is urged by her counsel that she was a promisee, and certain authorities are cited in that connection. Obviously, however, the only person to whom a promise was made in the alleged contract was her husband, David Waxelbaum, and it was only incidental that Joseph Waxelbaum contracted that upon the death of David Waxelbaum the specified amount of the monthly payment would be made to the widow. It is certain that she furnished no consideration, according to the instrument sued on, and equally certain that no promise was made to *her,* and, therefore, she can not be said to have been a "promisee." Nor is there any trust created for her by the instrument. Before a trust can attach there must be already in existence something for it to operate on. Joseph Waxelbaum promised David Waxelbaum that he would pay a monthly sum, but he established no fund or property charged with the payment. Again, Mrs. Waxelbaum's relation or status can not be said to have been changed. It is not shown that she had been receiving such a monthly payment from David Waxelbaum, her husband, and that Joseph Waxelbaum was contracting to assume such an obligation; and it is not shown that without such payments under the contract her status was different from what it was before the contract was entered into. Neither is it shown that she was a creditor of her husband, and that by the contract Joseph Waxelbaum was undertaking to discharge to her the debts of her husband. It follows that the present case is not within any of the exceptions to the general rule, and that Mrs. Waxelbaum can not maintain the suit in her own name.

It is argued that Mrs. Waxelbaum could maintain a suit under the Code, § 20-306: "If there be a valid consideration for the promise, it matters not from whom it moves; the promisee may

sustain his action, though a stranger to the consideration." We can not agree to that contention. In the present case the "promisee" referred to in the statute is not Mrs. Waxelbaum, but is her husband, David Waxelbaum. Mrs. Waxelbaum was merely a beneficiary, an utter stranger to the contract, and in such a situation she can not maintain a suit in her own name. For a discussion of this question see *Ragan* v. *National City Bank of Rome*, 177 *Ga.* 686, 692 (170 S. E. 889), where it was said: "In this case the suit is brought by the beneficiary under an alleged contract made between her father, Jones, and Mrs. Barksdale, the contract not vesting in petitioner any legal interest; and to hold that she could maintain a suit would be in direct conflict with the provisions of the Civil Code, § 5516, above quoted. There can be no reason why an exception to the general rule declared by our statute should be made in her favor, in view of the allegations of her petition. To create an exception in her favor would be virtually to abrogate our statute, and to hold that a beneficiary of a contract made between two third persons could sue the promisor thereon, though the beneficiary was in no wise connected with such contract, except to receive as a stranger a benefit thereunder. It is true that the petitioner in the case at bar is the daughter of the promisee in the contract, but, as we have already seen, under the English rule that fact does not constitute an exception to the general rule." The court erred in overruling the general demurrer to the petition. All proceedings thereafter were nugatory.

*Judgment reversed on the main bill of exceptions; Cross-bill dismissed. Jenkins, P. J., and Stephens, J., concur.*