## FIRST NATIONAL BANK & TRUST COMPANY IN MACON, executor, v. ROBERTS et al.

JENKINS, Justice. 1. It is well settled that the law favors compromises, when made in good faith, whereby disputed claims are settled, and especially is this true when related to family controversies; and a promise when thus made in extinguishment of a doubtful claim furnishes sufficient consideration to support a valid contract. While it is not necessary that the contention which forms the basis of such a compromise shall be meritorious in order to support the promise, yet it is essential, in order to furnish a consideration therefor, that the contention be made in good faith and be honestly believed in. *Jones* v. *Fulwood*, 12 *Ga.* 121; *Smith* v. *Smith*, 36 *Ga.* 184, 191 (91 Am. D. 761); *Belt* v. *Lazenby*, 126 *Ga.* 767 (2, 3) (56 S. E. 81); *Boswell* v. *Gillen*, 131 *Ga.* 310 (4) (62 S. E. 187; *Preston* v. *Ham*, 156 *Ga.* 223 (1 *b-d*) (119 S. E. 658); *Dickerson* v. *Dickerson*, 19 *Ga. App.* 269 (91 S. E. 346); *Riley* v. *London Guaranty Co.*, 27 *Ga. App.* 686 (109 S. E. 676).

2. "If there by a valid consideration for the promise, it matters not from whom it moves; the promisee may sustain his action, though a stranger to the consideration." Code, § 20-306; *Hawkins* v. *Central of Ga. Ry. Co.*, 119 *Ga.* 159 (5, 6) (49 S. E. 82); *Sheppard* v. *Bridges*, 137 *Ga.* 615, 621 (74 S. E. 245). However, "as a general rule, the action on a contract, whether express or implied, or whether by parol or under seal, or of record, shall be brought in the name of the party in whom the legal interest in such contract is vested, and against the party who made it in person or by agent." Code, § 3-108. Hence, even though there be a valid consideration, if the promise be made to another person, the person for whose benefit it was made is not ordinarily permitted to maintain an action in his own behalf; the generally recognized exceptions to this rule being where the person for whose benefit the promise was made is in privity with the contracting party, or where a trust, express or implied, was created for him under the contract, or where his relation or status has been changed. *Waxelbaum* v. *Waxelbaum*, 54 *Ga. App.* 823, 824, 825 (189 S. E. 283), and cit.

3. Under the stipulation of counsel in this case, that "the plaintiffs . . suing jointly can assert therein every right and every cause of action which might be asserted by them respectively in separate suits," and "suing jointly in their own names can assert in said case every right and every cause of action which might be asserted in a suit brought in the name of [the contracting party] as nominal plaintiff, suing for their use separately or collectively," irrespective of whether or not under the facts of this case the suit might have been maintained by the person making the contract for the use and benefit of her sisters as joint beneficiaries, since it appears to be undisputed that the deceased mother of the plaintiffs, in order to extinguish the bona fide claim of title of the other sister against the particular property in dispute, and in order to secure to herself the possession and undisputed legal title thereof, agreed with such other sister, as a condition of her acquisition, that she would make the disposition thereof now sought to be enforced, it

follows that a resultant implied trust arose in favor of the plaintiffs, and therefore that an action could be maintained in their own names. Code, § 108-106 (1); *Stonecypher* v. *Coleman*, 161 *Ga.* 403 (131 S. E. 75); *Carruth* v. *Ætna Life Ins. Co.*, 157 *Ga.* 608 (122 S. E. 226); *Manget* v. *National City Bank of Rome*, 168 *Ga.* 876, 881 (149 S. E. 213), and cit.; *Proctor* v. *Redfern*, 182 *Ga.* 175 (185 S. E. 255), and cit.; *Gordon* v. *Green*, 10 *Ga.* 534 (3-7), 542. Thus, where it indisputably appears that one not in possession acquires possession and undisputed conditional title by virtue of the surrender of an admittedly bona fide claim of another, on the condition that the property will be taken subject to the defined rights of others, an implied trust will result in their favor as certainly as if a trust had been expressly created. The rule is different where, as in *Shropshire* v. *Rainey*, 150 *Ga.* 566 (104 S. E. 414), the legal title and possession are already in one who, for a consideration, agrees to make a certain disposition, but who does not acquire possession or his legal title by virtue of such an agreement. See 65 C. J. 486, § 232. The present case and those on which it rests may perhaps be distinguished from *Ragan* v. *National City Bank of Rome*, 177 *Ga.* 686 (170 S. E. 889), in that in the *Ragan* case there was no definite, specific property upon which a trust could impliedly operate; whereas in the instant case the possession and undisputed title which the mother acquired by virtue of the sister's surrender of her bona fide asserted claim related to jewels and definitely ascertainable securities, then contained in a particular bank deposit box. Moreover, even if no implied trust could be assumed, still, under the facts of this case, it could not properly be said that the plaintiffs could not maintain the action in their own behalf, since it indisputably appears that when the mother made the promise in their behalf, although the consideration was furnished by their sister, they too were present, with the result that the promise was made not only in their behalf, but directly to them as well as to their sister.

4. The doctrine of election as applied to wills, under the Code, §§ 37-501, 37-502, and 37-503, against one claiming inconsistent benefits, arises when the testator "has attempted to give *property not his own*, and has given a benefit to a person to whom *that property* belongs," in which case "the devisee or legatee shall elect to take either under or against the will." Code, § 37-502. It is applicable where the instrument confers upon one a benefit while attempting to dispose of his own property, in which event such person must elect whether to accept the benefit under the instrument or retain his property. *Rieves* v. *Smith*, 184 *Ga.* 657 (5), 666-668 (192 S. E. 372), and cit. However, this doctrine does not apply where the testamentary disposition describes no specific property so as to identify it with that of the claimant, but describes the property only generally, as in this case, as "all my real and personal property and all property of every kind and character owned by me at my death," since the testator would be presumed to have intended to bequeath only what he actually owned and could lawfully dispose of. *McFadden* v. *Dale*, 155 *Ga.* 256 (1-a), 258 (116 S. E. 596); *McGinnis* v. *McGinnis*, 1 *Ga.* 496, 503; *Lamar* v. *McLaren*, 107 *Ga.* 591, 601-602 (34

S. E. 116), and cit. The doctrine was not applicable in this case, for the additional reason that the testatrix left not only the property as to which the plaintiffs asserted claim but additional properties, and under the undisputed evidence the income benefits paid under the will, the receipt of which constituted the alleged election, were not derived from the disputed property but from other portions of the estate.

5. Under the preceding rulings, the court did not err in overruling the demurrer to the petition, or in directing a verdict for the plaintiffs and refusing a new trial.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., disqualified.*

No. 12487. JANUARY 14, 1939.

478

480

*Jones, Jones & Sparks,* for plaintiff in error.

*Hall & Bloch,* contra.