### 30655. WORTHAM *v.* BEAVER-LOIS MILLS.

DECIDED OCTOBER 27, 1944.

*Willis Smith, Henley Hutcheson, J. W. Cole,* for plaintiff.
*Astor Merritt, L. Z. Dorsett,* for defendant.

FELTON, J. ■ The court did not err in sustaining the general demurrer in so far as the original agreement set forth in the petition is involved. The agreement, paraphrased, was that if the plaintiff was deprived of the support ordinarily furnished by her husband by reason of his discharge of the duties of his employment, the defendant would pay her $125 per month, in addition to furnishing her family. a house to live in and the husband legal counsel, presumably to represent him in cases in which he was charged with a crime. If the contract did not contemplate criminal acts, obviously the plaintiff would not be entitled to recover under the original agreement because, so far as the original agreement is concerned, the act in question has been adjudicated to have been a criminal act on the part of the husband. If the original agreement did contemplate criminal acts, even though not in the sense that any particular crime was contemplated at the time—if it was to cover a criminal act if and when it occurred—the contract was void as being against public policy, in that it tended to dispense with care, caution, and judgment on the part of the officer and to incline him to rely to some extent on the assurance that his employer stood obligated to furnish him counsel without cost to him, and that his family would be provided for in the event of his conviction. While it may be possible that the homicide in this case was entirely isolated from the agreement, and would have occurred without it, contracts of this kind must be discouraged in the interest of society. There must be no premium on criminal acts. "Whatever has an obvious tendency to encourage crime is contrary to public policy. Public policy forbids the insertion in an agreement of a condition which would tend to induce crime." 12 Am. Jur. 672, § 174. This agreement is in the same category with those seeking to indemnify an officer against liability arising from

690

unlawful acts. See 17 C. J. S. 592, § 221; 13 C. J. S. 443, n. 84. See also Babcock *v.* Terry, 97 Mass., 482 (1867).

■ The second theory upon which recovery is sought is, that there was an agreement by the defendant with the plaintiff whereby the defendant would pay her the consideration stated if she would induce her husband to abandon his motion for a new trial. Assuming for the sake of argument that it would not be against public policy for a wife to induce her husband to surrender his liberty for the consideration stated, especially when she then and now contends that he is innocent, there is no contract alleged between the plaintiff and the defendant. It is not alleged that the defendant promised her anything if she would induce her husband to abandon his motion for a new trial. Neither is there an allegation that there was a contract with the husband alone, or with her as co-party. Even if there is a contract alleged between the husband and the defendant of which the plaintiff was the beneficiary, she can not maintain an action in her own name thereon. Code, § 3-108; *Waxelbaum* v. *Waxelbaum,* 54 *Ga. App.* 823 (189 S. E. 283), and cit.

The court did not err in sustaining the general demurrer and dismissing the action.

*Judgment affirmed. Sutton, P. J., and Parker, J., concur.*