## 33200.   HARRIS *v.* JOSEPH B. ENGLISH COMPANY INCORPORATED.

DECIDED FEBRUARY 9, 1951.

*Frank A. Bowers, Frank Grizzard,* for plaintiff.

*G. Maynard Smith, Wilson, Branch & Smith,* for defendant.

WORRILL, J.   This case is before this court on exceptions to the order of the trial judge sustaining a general demurrer.   The petition alleged substantially that the defendant corporation agreed in writing with the Georgia Department of Veterans Service to employ and train veterans under Public Laws Nos. 346 and 679 under the program known as "on-the-job training for veterans" for four 6-month periods at certain rates of pay set forth; that under that agreement the defendant employed the plaintiff for a period of some 17 months and paid him at a certain rate which was less than that set forth in the aforesaid written agreement, and that under the said agreement the

plaintiff earned certain amounts making a total of $466 in excess of what was actually paid him, and he sued for that difference. By amendment the plaintiff attached a copy of the purported agreement sued upon which appears on its face to be an application by the defendant to the State Department of Veterans Service for approval of the establishment of "on-the-job training for veterans" at the defendant's place of business, with the approval of such application by the director of the department entered thereon. This constitutes the entire petition and exhibits and the foregoing statement shows all the facts upon which the plaintiff relies as a cause of action.

An action on a contract shall generally be brought by the person in whom the legal interest in the contract is vested. "The beneficiary of a contract made between other parties for his benefit may maintain an action against the promisor on said contract." Code, § 3-108, as amended by Ga. L. 1949, p. 455. Prior to the 1949 amendment (the portion enclosed in quotations above), to this section, it had been repeatedly held that there were only three exceptions to the general rule restricting the right of a third party beneficiary to maintain an action in his own name on a contract between two other parties, and these exceptions were that "(a) he must have been a party to the contract or in privity, or (b) a trust must have been created for him under the contract or (c) his relation or status must have been changed." *Waxelbaum* v. *Waxelbaum*, 54 *Ga. App.* 823, 825 (189 S. E. 283).

The plaintiff in this case does not seem to come within any of the exceptions to the general rule. Disposing of the statutory exception first, it clearly appears that the instrument sued on here, assuming it to be a contract, was not made specifically with the view of benefiting the plaintiff. His name nowhere appears in the instrument and there is nothing to indicate that it was the intention to benefit the plaintiff specifically or as one of a class of persons. The plaintiff does not allege that he is a veteran, and though he alleges that in consequence of this contract and the statutory provisions behind it he was employed by the defendant, it does not appear from the terms of the contract that he acquired any vested interest thereby in the right to employment by the defendant or any vested right

to receive a particular wage while so employed. In short, there is nothing in the instrument indicating that it was made for the plaintiff's benefit, and none of the allegations of the petition seem to raise the inference of such fact.

For these same reasons it does not appear that the plaintiff was a party to the instrument. His name is not mentioned as a beneficiary or as a party to the contract, he did not sign it as a party or otherwise, and the petition fails to allege facts showing him to have been a party or to have any privity of interest in the instrument. Counsel argue that the State Department of Veterans Service entered into the agreement with the defendant as agent of the plaintiff. The petition does not so allege, and if such be the facts, it may not be inferred merely from the argument of counsel. No promise was made to the plaintiff and he furnished no consideration to the defendant as an inducement to enter into the contract. Neither is there any trust created for the plaintiff by the instrument, nor was the plaintiff's status or relation changed by this instrument. He did not lose some benefit or valuable right as a result of the execution of this instrument. Had the plaintiff failed to accept employment with the defendant after the execution of it, nothing in the instrument itself would have given the defendant a reciprocal right of action against the plaintiff to recover any loss sustained as a result of his failure to work.

Under these circumstances, the petition was subject to the general demurrers and the trial court properly sustained them and dismissed the petition. See also: *Sybilla* v. *Connally*, 66 *Ga. App.* 678, 681 (18 S. E. 2d, 783); *Wortham* v. *Beaver-Lois Mills*, 71 *Ga. App.* 685, 690 (2) (31 S. E. 2d, 837); *Hawkins* v. *Central of Ga. Ry. Co.*, 119 *Ga.* 159 (5), 165, 166 (46 S. E. 82); *Ragan* v. *National City Bank of Rome*, 177 *Ga.* 686 (2) (170 S. E. 889); *First National Bank & Trust Co.* v. *Roberts*, 187 *Ga.* 472 (2) (1 S. E. 2d, 12).

*Judgment affirmed. Sutton, C. J., concurs. Felton, J., concurs in the judgment.*