[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13898
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 08, 2010
JOHN LEY
ACTING CLERK

D.C. Docket No. 08-00087-CV-AAA-2

BRUNSWICK CELLULOSE, INC.,

Plaintiff-Appellant,

versus

ROGERS CARTAGE COMPANY,
CONTINENTAL CASUALTY COMPANY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(February 8, 2010)

Before BLACK, PRYOR and COX, Circuit Judges.

PER CURIAM:

Brunswick Cellulose, Inc. appeals the grant of summary judgment to Rogers Cartage Company and Continental Casualty Company.  Brunswick Cellulose also appeals the denial of its motion for summary judgment.  We affirm.

In 2000, Georgia-Pacific Corporation, a non-party, entered into a carriage agreement with Rogers.  The contract called for Rogers to deliver freight to and from a mill operated by the Brunswick Pulp & Paper Company, which was a wholly owned subsidiary of Georgia-Pacific.  The contract required Rogers to assume all risks and to indemnify Georgia-Pacific from all losses arising out of Rogers' performance under the contract.  It also required Rogers to obtain liability insurance, and to "cause [Georgia-Pacific] to be named as an additional insured" on the policy.  (R.2-30, Ex. A App. A.)  The contract between Rogers and Georgia-Pacific covered "all of the direct or indirect subsidiaries and affiliates of Georgia-Pacific Corporation." (*Id.* Ex. A at 1.)  At the time of its execution, Brunswick Pulp & Paper Company was covered under the contract as a subsidiary of Georgia-Pacific.  Each year, the contract renewed automatically unless one of the parties cancelled the agreement, and the contract  provided that it could not be assigned without the consent of either party.

In 2004, Koch Cellulose, LLC, acquired Brunswick Pulp & Paper Company from Georgia-Pacific.  A purchase agreement between Georgia-Pacific and Koch stated that the carriage agreement was an "excluded asset," meaning Koch did not

2

acquire rights under the carriage agreement when it purchased Brunswick Pulp & Paper Company. (R.2-30 Ex. C Part 2 at 52.)

Shortly after it acquired Brunswick Pulp & Paper Company, Koch renamed it Brunswick Cellulose, Inc. Over the next several years, Brunswick Cellulose and Rogers continued to do business with one another; Rogers delivered freight to and from the Brunswick mill site and accepted payment for its services. However, Brunswick Cellulose and Rogers did not execute a written carriage agreement from 2004, when Koch acquired Brunswick Cellulose, until 2007.

In 2005, after Koch acquired Brunswick Cellulose but before a new written carriage agreement was executed, Charles E. Bell, a truck owner and operator working for Rogers was injured while making a delivery at the Brunswick Cellulose mill. Bell filed a lawsuit against Koch and Brunswick Cellulose in the Superior Court of Glynn County, Georgia. Brunswick Cellulose asked Rogers to defend and indemnify it against Bell's claims, but Rogers refused. The action remains pending in the Georgia superior court.

Invoking the court's diversity jurisdiction, Brunswick Cellulose sued Rogers in the U.S. District Court for the Southern District of Georgia for breach of contract arising out of Rogers' refusal to defend and indemnify Brunswick Cellulose in Bell's case. Brunswick Cellulose also sued Continental, Rogers' insurer, for bad faith

refusal to defend and indemnify. All parties moved the district court for summary judgment. The court granted Rogers' and Continental's motions, and denied Brunswick Cellulose's motion because the court concluded Rogers and Continental had no contractual obligations to Brunswick Cellulose under the May 2000 carriage agreement. (R.5-61 at 7.) Brunswick Cellulose appeals.

Brunswick Cellulose contends that it is entitled to indemnification and defense in the *Bell* action because (1) it was an original party to the 2000 carriage agreement between Georgia-Pacific and Rogers; and/or (2) Rogers' conduct and course of dealings with Brunswick Cellulose after the Koch acquisition ratified the carriage agreement. We reject both of these arguments.

We conclude Brunswick Cellulose had no rights under the 2000 carriage agreement at the time the incident giving rise to the *Bell* action occurred. Under Georgia law, a contract may be enforced "by the person in whom the legal interest in the contract is vested." *Harris v. Joseph B. English Co.*, 63 S.E.2d 346, 347 (Ga. App. 1951). A third party beneficiary may enforce a contract if its terms indicate that the contract was intended for his or her benefit. *Id.* Brunswick Cellulose was neither a named party to nor a named beneficiary of the 2000 carriage agreement. The agreement created rights and obligations for Rogers and for Georgia-Pacific and its subsidiaries. (R.2-30 Ex. A at 1.) The carriage agreement applied to Brunswick Pulp

4

& Paper Company only so long as it remained a subsidiary of Georgia-Pacific. Once Koch acquired Brunswick, it could no longer claim any benefits under the contract. Any questions as to whether the rights and obligations of the carriage agreement transferred to Koch and the newly renamed Brunswick Cellulose as part of the acquisition are resolved by a review of the terms of the purchase agreement between Koch and Georgia-Pacific. It lists the carriage agreement as an excluded asset. So, after the acquisition, the rights and obligations of the carriage agreement remained with Georgia-Pacific and its subsidiaries; the contract ceased to be effective as to Brunswick Cellulose.

After Koch acquired Brunswick Pulp & Paper Company and renamed it Brunswick Cellulose, Rogers continued to deliver freight to and from the Brunswick mill. But, Rogers and Brunswick Cellulose did not execute a formal carriage agreement until 2007. We have no reason to conclude that between 2004 and 2007, Brunswick Cellulose and Rogers agreed that Rogers would indemnify or defend Brunswick Cellulose for losses arising from their business dealings. While in 2004 Brunswick Cellulose asked that Rogers name it as a beneficiary on its insurance policies, Rogers did not respond to this request. Nor did it expressly or implicitly assent to defend or indemnify Brunswick Cellulose prior to the execution of a formal carriage agreement in 2007. The incident giving rise to the *Bell* action occurred when

5

neither Rogers nor its insurer were under any obligation to indemnify or defend Brunswick Cellulose. Therefore, the district court correctly concluded that both defendants are entitled to summary judgment, and it did not err in dismissing Brunswick Cellulose's lawsuit.

AFFIRMED.