No. 34.—Bethena Sterling, aministratrix, and Whitmel Sterling, administrator, of Wiley J. Sterling, deceased, plaintiffs in error, *vs.* William H. Sterling, defendant.

[1.] A separation having taken place between husband and wife, and the latter having instituted a suit for divorce and alimony, the former obligated himself, that in consideration of the discontinuance of the legal proceedings against him, he would convey within a limited period, certain property in trust, to the wife and to each of the children, and dies within the time and before the agreement is executed : *Held*, that a bill

filed at the instance of one of the children, to enforce the contract for his benefit—the mother, as administratrix of her deceased husband, refusing to execute it—cannot be maintained.

In Equity, in Troup Superior Court. Decided by Judge HILL. June Term, 1852.

The facts of this case are as follows :

In 1851, a suit for divorce and alimony then pending, at the instance of Bethena Sterling, against her husband, Wiley J. Sterling, an agreement was entered into between them, by which Wiley J. Sterling gave a written obligation, in the form of a penal bond, that if his wife would dismiss her said suit, he would make over one-half of his property to her and to their children, in shares specified in the bond ; among the rest, a tract of land, a negro woman, and two children, to his son, William H. Sterling. After the giving of this bond, and before anything further was done in the premises, Wiley J. Sterling died, and his widow and one of his sons obtained administration of his estate. The widow then declined enforcing the bond, and refused to have anything further to do with it ; whereupon, William H. Sterling filed his bill, alleging the facts, and praying that the property which he was to receive by the terms of the bond, might be conveyed to him by the administrators.

On a demurrer to this bill for want of equity, the Court overruled it, and sustained the bill. To which decision defendants excepted.

BULL & FERRILL and HILL, for plaintiffs in error.

BRYAN & MORGAN, for defendants.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] This bill is filed by William Sterling, son of Wiley J. Sterling, late of Troup County, against Bethena Sterling, the widow and administratrix, and Whitmel L. Sterling, administra-

tor of the said Wiley .J.   It recites, among other things, that the said Bethena having separated from her husband, instituted proceedings against him for divorce and alimony; that the parties agreed upon terms of settlement, the said Bethena stipulating on her part, to discontinue her suits; and the said Wiley J. in consideration thereof, as well as of the receipt of the sum of five dollars, and for the securing a decent and comfortable support and maintenance for the said Bethena and her children, entered into an obligation, to convey by deed of trust, properly and legally executed, to the said Whitmel L. Sterling, as trustee for the use and benefit of the said Bethena, one-half of all the real and personal estate, owned at the time by him, after the payment of his debts, and excepting the property to be given to their children, the said trust to cease and determine at the death of the said Bethena, when the same was to vest absolutely in their children or their legal representatives; reserving to himself, the use of the said property, until the first day of January next ensuing the date of said bond.

Mrs. Sterling was to be clothed with the power of distributing her portion of the property, between the children, in any way she might see fit, provided they were made equal.   The stipulation in behalf of the complainant was as follows: " To William Sterling, or a trustee, for his use, one lot of land, adjoining Harrison Hustin, known as the Williams lot; and also fifty acres in the southeast corner of the lot formerly occupied by the said William Sterling; also a negro woman, named Lucinda, about 26 years old, and her two children, Harrison about eleven, and Marshall about nine years of age."

Wiley J. Sterling died shortly after this contract was made, and before the expiration of the time within which it was to have been executed.   The bill does not aver that the proceedings for divorce and alimony had been discontinued.   Administration has been granted upon the estate of the deceased to the defendants, whom the bill charges with refusing to execute the agreement, so far at least, as concerns the complainant, under the pretence, that their intestate never made any such

agreement in his lifetime; and that if he did, it is not binding upon his representatives. The prayer is for specific performance.

To this bill, there was a general demurrer filed for want of equity. The defendants pleaded also, and supported their plea by a partial answer, to the effect that the agreement had been abandoned by the parties in the lifetime of the said Wiley J. and that they had mutually consented that the same might be disannulled ; that the money consideration mentioned in the bond was never paid; and that the said Bethena had not in fact, instituted any suit for divorce and alimony against her husband, as is alleged in the bill.

The Court overruled the demurrer, and directed the cause to proceed.

Can this contract be enforced at the instance of the complainant, and for his benefit?

The doctrine is thus stated by Judge *Story*: " Uses or trusts to be raised by any covenant or agreement of a party in Equity, must be founded on some meritorious or some valuable consideration ; for Courts of Equity will not enforce a mere gratuitous gift, (*donum gratuitum*) or a mere moral obligation. Hence it is, that if there be a mere voluntary executory trust created, Courts of Equity will not enforce it. *And upon the same ground, if two persons, for a valuable consideration, or between themselves, covenant to do some act for the benefit of a third person, who is a mere stranger to the consideration, he cannot enforce the covenant against the two, although each one might enforce it against the other.* But it is otherwise, where the use or trust is already created, and vested or otherwise fixed on the *cestui que trust;* or where it is raised by a lost will or testament." 2 *Story's Eq. Jur.* §973.

Conceding then, that this agreement is founded on a valuable consideration, and that it could be enforced as between Mr. and Mrs. Sterling, is the provision created for the benefit of William Sterling, the complainant, so far vested or otherwise fixed as that he can enforce the covenant? We think not. This is not an executed trust, not contemplating any future act, but intended in itself to be a complete and final settlement. On the contrary, much remained to be done, the debts of Wiley J. Sterling were

to be paid be fore any thing could be done, and conveyances were to be made to the wife and children, within a limited period. And he died before any of these things were fulfilled.    And his widow, one of the parties to the contract, refuses to have it executed, in whole or in part, on her own account, or in behalf of her children.

Had Wiley J. Sterling lived, could the complainant have compelled his mother to have dismissed the *proceedings against his father, for his (the son's) benefit?    We apprehend not.    Has he any better right, as against the estate of his father?    That this covenant was revocable at the instance of the immediate parties to it, we have no doubt.    And may it not rightfully be deemed revoked, under the circumstances of the case ?