(77 Misc. Rep. 468.)

### GRIFFIN v. GRIFFIN et al.

(Supreme Court, Special Term, Westchester County. June Term, 1912.)

1. TRIAL (§ 109*)—WAIVER OF OBJECTIONS—WHAT CONSTITUTES.

   In an action to set aside an agreement, where plaintiff's attorney stated that there was no claim of consideration in the case, that question cannot be later raised in the trial in the brief of counsel, having once been waived.

   [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 270, 367, 388, 395; Dec. Dig. § 109.*]

2. TRUSTS (§ 13*)—CONSIDERATION—WHAT CONSTITUTES.

   Plaintiff and defendant, who were husband and wife, and were living separately under articles of separation, agreed that these articles should be destroyed and that they should resume their marital relations, and at the same time entered into another agreement providing that plaintiff should place in the hands of a trustee money for the purchase of a house satisfactory to his wife. Held, that the wife's renunciation of her rights under the separation agreement was a sufficient considera-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tion to support the trust agreement; a consideration being any act of plaintiff from which the defendant or a stranger derives the benefit or advantage, or any labor, inconvenience, or detriment sustained by the plaintiff, however small it may be, if such act is performed or inconvenience suffered with the consent of the defendant.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 11; Dec. Dig. § 13.*]

Action by Delos Griffin against Mary K. Griffin and another. Judgment for defendants.

See, also, 134 N. Y. Supp. 1133.

George C. Andrews, of Tarrytown, for plaintiff.
Hugh A. Thornton, for defendants.

MORSCHAUSER, J. The plaintiff and the defendant Mary K. Griffin are husband and wife. Plaintiff is well advanced in years, with a grown daughter, while the defendant is past middle life, with three children by a former marriage. They were separated and living apart under articles of agreement, but on June 22, 1909, it was agreed by them that these articles of separation should be destroyed and that they should resume their marital relations. Thereupon an agreement was executed between the plaintiff and defendants Mary K. Griffin and Charles D. Millard as trustee. This agreement in brief provides that the plaintiff should place in the hands of said trustee. securities ·to the amount of $8,000, in trust with which to purchase a house satisfactory to Mrs. Griffin, and, if the said $8,000 was not all expended for the house, the balance to be returned to the plaintiff. The consideration mentioned in the agreement was $1 and other valuable consideration. The consideration, aside from the $1, appears from the testimony to be the destroying of the articles of separation and the resuming of their marital relations; that is, to re-establish the home and continue the marital relations.

The plaintiff brings this action, claiming that the defendant Mary K. Griffin failed to carry out this agreement, and neglected and refused to buy the home where she and the plaintiff could reside together, and refused to live with the plaintiff, and repudiated the promises and trust agreement, and asking that the agreement be declared void and of no effect, and that the securities in the hands of the said trustee be returned and that he account. Both the defendants answered. When the issues were brought on for trial, it was understood that the only issue to be determined was whether the defendant Mary K. Griffin refused to carry out the contract as entered into by her and purchase premises for the $8,000. I believe from the proof that she did all that could be required of her under the circumstances to carry out this agreement. Before she was able to complete purchase, the plaintiff left her and commenced this action.

[1, 2] The question of consideration was not raised on the trial, and when that question was raised an objection was made by the learned counsel for the plaintiff that there was no claim about con-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sideration in this case. (Page 59 of testimony.) The learned counsel for the plaintiff, however, in his brief raises the question of consideration of the contract, claiming that the resuming of the marital relations was no consideration. It would seem that in some cases it has been held that notes and other instruments given to the wife to resume or continue the marital relations could not be enforced, because it was held not to be a consideration; but in this case, aside from resuming the marital relations, there was the destroying of the articles of separation. This agreement was as effectual, so far as it appears, as if a judgment of separation had been rendered between them.

Adams v. Adams, 91 N. Y. 383, 43 Am. Rep. 675, was a case where the plaintiff, the wife, commenced an action for divorce against her husband, and, having examined a witness conditionally, who testified as to the acts of adultery, in consideration of the husband executing and delivering to her father, for her benefit, a note of $1,000, agreed to and did discontinue the action without costs. It was held that the note was given for a good consideration and that the transaction could not be regarded as against public policy. Said Mr. Justice Rapallo, at page 384 of 91 N. Y. (43 Am. Rep. 675):

"In consideration of the giving of this note, she discontinued this action and furnished to the defendant a stipulation, signed by herself and her attorneys, by which they stipulated that it be discontinued, without costs. She also condoned the adultery charged, and returned to live with the defendant. By this arrangement the defendant not only got rid of the pending action, and the payment of costs and counsel fees therein, and of temporary alimony, but by the condonation the plaintiff precluded herself from bringing a new action, founded upon the adultery of which she had given proof. These were substantial benefits to the defendant, abundantly sufficient to support the note which he gave to her father for her use. We are unable to perceive on what ground the arrangement can be regarded as against public policy. It tended to restore peace and harmony between husband and wife, and renew their conjugal relations. Agreements to separate have been regarded as against public policy; but it would be strangely inconsistent if the same policy should condemn agreements to restore marital relations, after a temporary separation had taken place. While the law favors the settlement of controversies between all other persons, it would be a curious policy which should forbid husband and wife to compromise their differences, or preclude either from forgiving a wrong committed by the other."

If Mrs. Griffin gave up or surrendered nothing, then there could be no consideration for the contract; but she did. She was not doing what she was legally bound to do, for she was living separate from the defendant under articles of separation. She surrendered this agreement.

The case of Merrill v. Peasler, 146 Mass. 460–464, 16 N. E. 271, 4 Am. St. Rep. 334, was a case where the husband was guilty of extreme cruelty and the wife was about to institute proceedings for divorce, when he gave her a note to return to live with him as his wife. She lived with him until his death. The consideration was held to be illegal by a divided court. Mr. Justice Holmes writing the dissenting opinion, concurred in by Justices Allen and Knowlton, is in accord with the rule laid down in the Adams Case, supra. Mr. Justice Holmes, at

page 464 of 146 Mass., page 275 of 16 N. E. (4 Am. St. Rep. 334), said:

"We must take it that the wife had a right to refuse to return to cohabitation, and it seems to follow that, apart from illegality, the return itself was sufficient consideration for the note. * * * At all events, the giving up or refraining from proceedings for a divorce and alimony, which the wife is entitled to maintain, is both a sufficient and a legal consideration. Wilson v. Wilson, 1 H. L. Cas. 538, 574; s. c., 14 Sim. 405, 5 H. L. Cas. 40; Hart v. Hart, 18 Ch. D. 670, 685; Sterling v. Sterling, 12 Ga. 201, 204. So that I understand the precise reason on which the decision of the majority goes to be that coupling the wife's return to cohabitation with the legal consideration of giving up her divorce suit made the contract illegal. I find no decision or dictum in favor of this proposition. On the other hand, the Court of Errors and Appeals of New York has unanimously sustained the validity of a note given by a husband to a trustee for his wife upon substantially the same consideration as in the case at bar, and has declared itself unable to see anything against public policy in the transaction. It seems probable that the Supreme Court of Pennsylvania would decide in the same way, and it is hardly open to doubt that the same view would be taken in England. Adams v. Adams, 91 N. Y. 381, 43 Am. Rep. 675; Burkholder's Appeal, 105 Pa. St. 31, 37; Newsome v. Newsome, L. R. 2 P. & D. 306; Jodrell v. Jodrell, 9 Beav. 45, 56, 59, and cases supra; Symous v. Burton Monro, Acta Cancellarie, 266. It seems to me that reason as well as authority is opposed to the decision. The actual return to cohabitation was perfectly lawful, whatever the motive which induced it. I cannot think that it is unlawful to make a lawful act, which the wife may do or not do as she chooses, the consideration of a promise, merely because, by reaction, the making of the promise tends to mingle a worldly motive with whatever other motives the wife may have for renewing cohabitation. No one doubts that marriage is a sufficient consideration for a promise to pay money. Pub. Sts. c. 78, § 1, cl. 3. I do not quite understand why it should be more illegal to make such a promise for the resumption than for the assumption of conjugal relations."

Kramer v. Kramer, 181 N. Y. 477, 74 N. E. 474, was a case in which a brother gave the husband a note for $12,000, so that he could deliver it to his wife, in order to secure peace between them, and it was held that it was given without consideration. The parties were living together, and the note was given simply for the purpose of obtaining domestic peace. She did not give up anything, or relinquish any right, and she did only what she was bound to do, to live in peace with her husband.

I do not believe I was called upon to decide the question of consideration raised by the learned counsel in his brief, because of the statement made at the beginning of the trial; but in view of the fact that the learned counsel for the plaintiff referred at length to the question of consideration in his brief, I deemed it proper to examine the authorities cited by him and other cases not cited. No agreement can be enforced, or claim or note collected, founded upon the alleged consideration of the continuance of the marital relations while the parties are living together, for each is bound to do this by their marriage contract, and the law requires each of them to observe and perform that contract and obligation; but after they have been legally separated, or either one or the other gives up something, relinquishes a right, or surrenders something of value, then the relinquishing of such right or

giving up any valuable thing is a sufficient consideration in a contract, and includes the return and resuming of the marital relations after having been so separated. A consideration has been well defined as consisting of—

"any act of the plaintiff from which the defendant or a stranger derives a benefit or advantage, or any labor, detriment, or inconvenience sustained by the plaintiff, however small the detriment or inconvenience may be, if such act is performed or inconvenience suffered by the plaintiff with the consent, express or implied, of the defendant." 5 Lawson's Rights and Remedies, § 2244, p. 3762, and cases cited.

The defendants are entitled to judgment, with costs. Settle findings on notice.