## BOARD OF EDUCATION OF HOUSTON COUNTY *et al. v.* BOARD OF TRUSTEES OF FORT VALLEY CONSOLIDATED SCHOOL DISTRICT.

No. 7371.   APRIL 16, 1930.   REHEARING DENIED MAY 19, 1930.

*Duncan & Nunn,* for plaintiffs in error.

*Smith & Smith, George A. Pindar,* and *W. H. Harris,* contra.

HILL, J.   The Board of Trustees of Fort Valley Consolidated School District brought its petition for mandamus against the Board of Education of Houston County, and against J. N. Buff and others as members of the board of education, and against H. P. Houser, county school superintendent of Houston County, and alleged in substance that said board of education is indebted to plaintiff in the principal sum of $8,362.81, and the further sum of $2,574.61 interest to December 15, 1928, aggregating a total indebtedness of $10,937.42 due and owing on said debt, and will be further indebted for interest to accrue on the principal from

December 15, 1928, at the rate of 8 per cent. per annum, also 10 per cent. on principal and interest as attorneys' fees incurred by plaintiff for collecting said indebtedness; that said indebtedness is represented by three promissory notes executed February 3, 1925, by the Board of Education of Houston County through its then president, J. D. Fagan, and the then county school superintendent, W. H. Lord, two of said notes being for the sum of $3,000 each, and the other note being for the sum of $2,983, with a credit on the last-named note of $640.73 paid on March 4, 1925, all of the notes maturing May 1, 1925, and all of the notes providing for the payment of interest at the rate of 8 per cent. per annum from the date of the notes, and for the payment of all attorneys' fees incurred in collecting the debt. Copies of the three notes were attached to the petition by amendment and made parts thereof. The three notes were made payable to the Board of Education of the City of Fort Valley, or order, which transferred the same to plaintiff by indorsement to that effect under authority of an act of the legislature of Georgia approved August 3, 1925. Since the notes matured plaintiff had made demand for payment of the same upon the Board of Education of Houston County, and upon W. H. Lord, county school superintendent, until January 1, 1927, and upon H. P. Houser, who succeeded W. H. Lord, and who is now county school superintendent of Houston County, but all of the defendants herein failed and omitted to pay the notes or any part thereof since the payment of $640.73 mentioned above. All of said notes were duly executed as provided by law, and the sums represented by the notes were not in excess of the aggregate sum to which the County of Houston was entitled from the public-school fund; and said notes were executed by the president of the Board of Education of Houston County. More than ten days before the commencement of this suit the plaintiff gave notice in writing to each of the defendants that it was the owner and holder of the notes and intended to bring suit against them thereon to the February term, 1929, of Houston superior court; and such notice was given in terms of the law in order that plaintiff might recover ten per cent. on the principal and interest on the notes as attorneys' fees. The prayer of the petition is that the court will issue a mandamus nisi directed to the defendants, requiring them to show cause why a mandamus should not be issued against them, requiring the said board and

members thereof, and H. P. Houser as county school superintendent, to make to the State Superintendent of Schools monthly reports of all debts owing by said Board of Education of Houston County, and requiring that all public-school funds received by the Board of Education of Houston County and by the county school superintendent be prorated among the debts and liabilities owing by the Board of Education, including the above-mentioned indebtedness owing by it to plaintiff. Count 2 of the petition was similar in character to count 1, but it did not declare suit upon the notes as set out in count 1, but upon an open account with 7 per cent. interest per annum from December 31, 1924. The defendants filed general and special demurrers upon various grounds; later filing an amendment amplifying the grounds of the general demurrer. To meet said demurrers, the plaintiff filed a number of amendments to its petition. The court overruled the general demurrers to both counts of the petition as amended, except in two particulars to which no exception is taken. To the order overruling the general demurrers to both counts of the petition and to the petition as a whole, as amended, the defendants excepted.

■ The first ground of the defendants' demurrer is amplified by its amended demurrer into two grounds which will be considered together. Ground 1(a) raises the question that plaintiff's petition does not allege that defendants have any funds in their hands for the year 1924, the year in which the alleged indebtedness to plaintiff's predecessors arose, there being no authority under the law for the Board of Education of Houston County to allocate, pay, or promise to pay any sum or sums received by it either from the State common-school fund, from county taxation, or from any other source for a particular year to the payment of indebtedness incurred during a prior year. Ground 1(b) of the demurrer raises the question that no cause of action is set out in the petition, for the reason that the law provides that obligations contracted by a county board of education for the operation of the public schools of the county in any way shall be paid from the funds appropriated for the current fiscal year; and that the plaintiff's remedy, if any, was to enforce the application of the public school funds of the year 1924 to the payment and satisfaction of its claim for a pro rata part of such funds. It is insisted that such remedy was available to plaintiff's predecessors in 1924; that the petition sets out no

cause of action against these defendants, for the further reason that the law requires the county board of education to provide for the operation of the public schools of the county for a minimum of six months, in order to participate in the State common-school funds; that this court will judicially know that if a rule absolute is granted upon plaintiff's petition, it will be impossible for the Board of Education of Houston County to operate its schools for a minimum period of six months, causing it thereby to lose the right to participate in the State common-school fund for the operation of its schools. These grounds of the demurrer are without merit. In *Board of Education* v. *Thurmond,* 162 *Ga.* 58, 64 (132 S. E. 427), this court held: "The Board of Education of Monroe County having lawfully incurred debts for money loaned to pay teachers and operate the public schools of the county, and such debts having accumulated from year to year until the fall of 1924, it was in the power of that board to repay such debts from any funds that could be lawfully applied to such purpose, including funds derived from the levy of a local tax in the fall of 1924 for operating the schools." In the opinion, Mr. Justice Atkinson said: "Repayment of money borrowed for the purposes should be made out of the revenues appropriated to the schools for the year in which the borrowed money is to be used, but the statute does not limit repayment to the funds so appropriated. It recognizes the duty of the board of education to repay the money out of any funds which may be lawfully applied to such purposes. Money appropriated for the public schools of the county is lawfully applied when applied to repayment of money borrowed to pay teachers and operate the schools. The proper construction of the statute is that it authorized repayment out of any funds that should be appropriated to the board of education at any time for the payment of teachers and operating the schools." It is stated in the brief of counsel for plaintiffs in error: "We recognize, of course, that the case" just cited "is against this contention. We respectfully ask that this decision be reviewed and overruled." The *Thurmond* case, not being a decision by the entire bench of six Justices, is not binding upon the court as conclusive authority; but the majority of the court as at present constituted adhere to the ruling made in the *Thurmond* case, and think that the principle there ruled is applicable to the present case.

■ But counsel for plaintiffs in error insist that if the decision in the *Thurmond* case is adhered to, then it is contended that section 95 of the Georgia school code is unconstitutional in that it violates art. 7, sec. 7, par. 1, of the constitution of Georgia (Civil Code of 1910, § 6563), which prohibits any county, municipality, or political division of this State, except as in the constitution provided, from incurring any new debt, etc. The question of the constitutionality of section 95 of the Georgia school code was not raised or passed upon in the trial court, and can not be raised for the first time in this court, and it will therefore not be considered.

■ In ground 2 the defendants demur generally to the petition, and to count 1, upon the ground that nowhere in the petition is it alleged that defendants, or any of them, borrowed the sums represented by the notes described in that count from petitioners or from the board of education of the City of Fort Valley, there being no authority under the law for a county board of education to execute a note or notes except for borrowed money. In paragraph 4(a) of the amendment to the petition plaintiff alleges that the notes sued on represented the amount that would be due the board of school commissioners of Fort Valley out of the State school funds then due defendant, and were executed in consideration of the defendant being allowed to retain and use said amount due said board of school commissioners of Fort Valley, and thereafter defendants actually received and retained said amount of State and county school funds and has never paid over to said board of school commissioners of Fort Valley, or to plaintiff, any part thereof, except as herein set out. We think that in legal contemplation this paragraph of the petition set out facts which amounted to a borrowing by the defendants of the money sued for by the plaintiff.

■ In the third ground the defendants demur specially to paragraph 4(b) of count 1 as amended, on the ground that an exact copy of the minutes of the meeting of the board of education of Houston County on February 3, 1925, claimed to be recorded on the minute book of said board at page 187, should be attached. It is insisted in the demurrer that it is impossible for this court to determine whether the alleged resolution is a legal resolution unless the entire minutes of the meeting at which the resolution was adopted are set out, defendants claiming that no such resolution

■

as that attached to the amended petition as Exhibit E was ever legally adopted. Paragraph 4(b) of the amended petition alleges that "Said transaction was duly authorized by a resolution duly passed by defendants on February 3, 1925, and duly recorded in its minutes on page 187. A copy of said resolution is hereto attached, marked Exhibit E and hereby made a part hereof." Exhibit E is as follows: "February 3, 1925. J. D. Fagan, W. H. Talton, G. T. Hunt, J. H. Allen, and P. H. Hodge, members of the board, present. The following resolution was adopted: Whereas the board of education of Houston County is due the board of education of the City of Fort Valley for the year 1924 the sum of $8,983 State funds to that school; therefore be it resolved: that the president of the board of education of Houston County, J. D. Fagan, together with the superintendent of schools execute notes to the said city board of education of Fort Valley from the board of education of Houston County for the above amount. Said notes and funds therefrom used to pay teachers and defray expenses of schools in Houston and Peach Counties." This ground of the demurrer is without merit. A portion of it is speaking in character, and the objection to the resolution as urged by the defendants is a matter for plea and not demurrer.

■ Grounds 8 and 9 of the general demurrer to count 1, and grounds 3 and 4 of the general demurrer to count 2, which deal with the constitutionality of the act of the General Assembly of Georgia approved August 3, 1925, p. 1060, are not insisted upon by counsel for plaintiffs in error, and therefore will be considered abandoned.

■ Ground 10 of the general demurrer is as follows: "Defendants demur generally to said petition and to count one thereof, upon the ground that the allegations in said count one conclusively show that the provisions of the act of the General Assembly of Georgia, approved August 3, 1925, have not been complied with, and therefore 'an act to establish a system of public schools for the City of Fort Valley, approved September 26, 1889,' sought to be repealed by said act approved August 3, 1925, had not been repealed; that the system of city schools of the City of Fort Valley is still legally in effect; that the action of the board of education of the County of Peach in laying out and seeking to create a school district embracing the territory within the City of Fort Valley is

illegal and void; that the board of trustees of Fort Valley Consolidated School District, plaintiff, has no legal existence, and therefore can not be plaintiff in this case.". Plaintiffs in error cite no authority in support of this contention, and we know of none that would support it. The petition alleges that the Board of Trustees of Fort Valley Consolidated School District have been operating the schools under the new law for several years; and as nothing is pointed out in this ground of the demurrer to show that the act in question is illegal and void, and no authority cited therefor, this ground is without merit.

■ Ground 6 of the demurrer to count 2 raises the question that the petition shows upon its face that the cause of action arose more than four years before the filing of the petition, and that it is barred by the statute of limitations. It will be observed that plaintiff amended its petition and in paragraphs 1 (f) and 1 (h) it is alleged that the suit was brought within four years after the appropriation was made and within four years after the defendants received the money which it is claimed belonged to the plaintiff. Where a petition shows upon its face that it is barred by the statute of limitations, this fact can be taken advantage of by demurrer; but according to the allegations of the present petition it is not so barred.

■ Other grounds of the demurrer are without merit; and the court did not err in the rulings made upon the petition and demurrer, for any reason assigned.

*Judgment affirmed. All the Justices concur, except Gilbert and Hines, JJ., who dissent.*