*S. J. Smith Jr.,* for plaintiff in error.
*E. W. Maynard* and *E. F. Taylor,* contra.

SMITH v. STATE BOARD OF MEDICAL EXAMINERS.

ATKINSON, J. 1. The act of the General Assembly approved August 20,
1918 (Ga. Laws 1918, p. 173; Park's Code Supp. 1922, § 1697(m);
Michie's Code, § 1697(13)), relating to the authority of the State Board
of Medical Examiners to revoke licenses to engage in the practice of
medicine in this State, does not prescribe that the venue of a proceeding
by the board to revoke a license shall be in Fulton County, Georgia, and
is not violative of the provisions of article 6, section 16, paragraph 6,
of the constitution of this State (Civil Code, § 6543), that "all other
civil cases shall be tried in the county where the defendant resides, and
all criminal cases shall be tried in the county where the crime was com-
mitted, except cases in the superior courts where the judge is satisfied
that an impartial jury can not be obtained in such county," on the
ground, as complained, that the statute fixes the venue of the case in
question in Fulton County, whereas the defendant resides in Floyd
County, and the alleged conduct which formed the ground of the charge
against him was committed in the County of Floyd.

2. The third ground of demurrer, which attacked the proceeding against
the defendant as violative of the above-mentioned provisions of the con-
stitution, because the defendant was required to appear before the State
Board of Medical Examiners in Fulton County, was not insisted upon in
the brief of the attorneys for the plaintiff in error, and will be con-
sidered as abandoned.

3. In *State Board of Medical Examiners* v. *Lewis,* 149 *Ga.* 716 (102 S. E.
24), it was held: "Section 14 of the act approved August 18, 1913
(Acts 1913, p. 101), entitled, 'An act to abolish the present State Board
of Medical Examiners and to establish a composite Board of Medical
Examiners for the State of Georgia; to define its duties and powers,'
etc., is unconstitutional and void in so far as it provides for the trial
and conviction of a licensed physician of certain specified offenses, and
the consequent revocation of his license; as the section, in so far as it

provides for such trial and the penalty upon conviction, is violative of the due-process clause of the Federal and State constitutions, inasmuch as no provision is made in that section, or elsewhere in the act, for due notice to and hearing of the accused." After this ruling, the act of 1918, supra, so amended section 14 of the act of 1913 as to provide a hearing and thus afford due process of law. Section 14 of the act of 1913 as amended was not void on the ground, as contended, that the entire section was a nullity and could not support an amendment.

4. The judgment overruling the demurrer is

*Affirmed. All the Justices concur, except Beck, P. J., absent for providential cause.*

HINES, J., concurs in the result.

No. 7636. FEBRUARY 11, 1931.

*Wright & Covington,* for plaintiff in error.
*J. Z. Foster,* contra.