VERUKI, administratrix, *et al. v.* BURKE.

No. 15966. OCTOBER 23, 1947.

*John M. Brennan,* for plaintiffs in error.
*Aaron Kravitch,* contra.

ATKINSON, Justice. (After stating the foregoing facts.) This case was assigned to the writer to present the opinion of the majority of the court. It does not represent the writer's views, as will appear in a dissent attached hereto.

The allegations of the petition show full performance of all obligations undertaken by the plaintiff's parents as the consideration for the promise of the deceased to leave a will bequeathing the property in question to the plaintiff. The case as made by the petition is on principle precisely the same as if a contract had been made for the purchase of realty and the full amount of the purchase-money had been paid in compliance with the contract. In such a case, the vendee would have a perfect equity, which would be good title even at law, and which would be sufficient either to support or defeat an action in ejectment. In this case, the contract was made by the plaintiff's father for the benefit of the plaintiff child, and therefore full performance of all the obligations undertaken by the father or by the father and mother would result in a perfect equitable title in the plaintiff, for whose benefit the contract was made; and therefore whoever held the legal title after the death of the grandmother necessarily held it in trust for the plaintiff. In these circumstances, the plaintiff, though not himself a party to the original contract, was entitled to maintain the action for specific performance under the allegations in his petition. See, in this connection, Code, § 37-802; *Belt* v. *Lazenby,*

126 *Ga.* 767 (5) (56 S. E. 81); *Sheppard* v. *Bridges,* 137 *Ga.* 615 (74 S. E. 245); *May* v. *Sorrell,* 153 *Ga.* 47, 53 (111 S. E. 810); *Copelan* v. *Monfort,* 153 *Ga.* 558 (3), 567 (113 S. E. 514); *Evans* v. *Sawilowsky,* 179 *Ga.* 547 (4), 556 (176 S. E. 625); *Strickland* v. *Jenkins,* 198 *Ga.* 15 (31 S. E. 2d, 18); *Long* v. *Godfrey,* 198 *Ga.* 652 (32 S. E. 2d, 306).

If the views here expressed should be in conflict with the ruling in *Shropshire* v. *Rainey,* 150 *Ga.* 566 (3) (104 S. E. 414), it will be observed that the decision in that case was not concurred in by all the Justices (one dissenting), and therefore is not controlling as authority.

The present case is distinguished by its facts from *Avary* v. *Avary,* 202 *Ga.* 22 (41 S. E. 2d, 314), where no right of the beneficiaries to sue upon a contract was involved. In that case James Corbin Avary filed a claim to property which had been levied upon under an execution, and in support of his claim alleged that during December, 1939, he made an agreement with his uncle, Dr. Avary, wherein the latter agreed with him and his wife that, if they would move into the house with him and keep house and care for him during the remainder of his life, he would make a will giving the two minor children of the claimant all of his property. The claimant further alleged that later he and Dr. Avary entered into an agreement under which the latter by deed conveyed the property to the claimant, in order to remove any doubt about the validity of his will, and this was done, except that, at the suggestion of the claimant, a life estate in the property was reserved by the grantor.

It was contended by the plaintiff in execution that this agreement was invalid for the reason that the parties thereto could not thus bargain away the rights of the minor children as beneficiaries under the original contract, and in the opinion by this court it was said arguendo that the children could not have maintained an action on the contract in their own name if there had been a breach of it on the part of Dr. Avary. However, they were not seeking to maintain any action upon the contract, and the only question for determination was whether thereafter the claimant and Dr. Avary had a right to modify the contract between them without the consent of such minor beneficiaries. Accordingly, that decision is not controlling here. And especially is this true, since the al-

legations in that case did not show complete performance of the contract so as to give rise to a perfect equity in such minor beneficiaries; whereas in the instant case a perfect equity in the child, the equivalent of legal title, was shown. There was also one dissent in that case.

It follows that the petition was sufficient to set forth a cause of action, and the trial court did not err in overruling the general demurrer interposed by the defendants.

*Judgment affirmed. All the Justices concur, except Atkinson, J., who dissents, and Wyatt, J., who took no part in the consideration or decision of this case.*

ATKINSON, Justice, dissenting. Under a proper construction, the allegations in the petition, that a parol contract to make a will was entered into between the petitioner's father and mother, as individuals and as the natural guardians of the petitioner, a minor, on the one hand, and the grandmother and the defendants on the other, amounted in law to an averment that the contract was entered into by the parents for the benefit of the said child.

A controlling question is whether the plaintiff child was the proper person to institute an action asking for specific performance of the alleged oral contract. In *Avary v. Avary, 202 Ga. 22* (supra), James Corbin Avary filed a claim to property which had been levied upon under an execution, and in support of his claim alleged that during December, 1939, he made an agreement with his uncle, Dr. Avary, wherein the latter agreed with him and his wife that, if they would move into the house with him and keep house and care for him during the remainder of his life, he would make a will giving the two minor children of the claimant all of his property. The claimant further alleged that later he and Dr. Avary entered into an agreement under which the latter by deed conveyed the property to the claimant, in order to remove any doubt about the validity of his will, and this was done. It was contended by the plaintiff in execution that this agreement was invalid for the reason that the parties thereto could not thus bargain away the rights of the minor children as beneficiaries under the original contract to make a will. It was said in the opinion: "The two beneficiaries named in the will of Dr. Avary were complete strangers to the contract wherein he agreed to make it. They furnished no part of the consideration moving its execu-

tion. They had rendered testator no services prior to the making of the will, and the contract between their father and Dr. Avary did not contemplate that they were to do so in the future. Under such circumstances, did Dr. Avary and their father have a right to modify the contract between them without the consent of the beneficiaries named in the will? We think so. We are unable to find a case where this court has dealt with a question exactly in point. However, there is a general rule of force in this State that a contract which bestows benefits upon a stranger thereto may not be enforced by the latter. Code, § 3-108; *Sterling* v. *Sterling,* 12 *Ga.* 201; *Gunter* v. *Mooney, 72 Ga.* 205; *Shropshire* v. *Rainey,* 150 *Ga.* 566 (104 S. E. 414) ; *Ragan* v. *National City Bank of Rome, 177 Ga.* 686 (170 S. E. 889). In the *Sterling* case, it was said: 'The doctrine is thus stated by Judge Story: "Uses or trusts, to be raised by any covenant or agreement of a party in equity, must be founded on some meritorious or some valuable consideration; for courts of equity will not enforce a mere gratuitous gift (donum gratuitum) or a mere obligation. Hence it is, that if there be a mere voluntary executory trust created, courts of equity will not enforce it. And upon the same ground, if two persons, for a valuable consideration . . covenant to do some act for the benefit of a third person, who is a mere stranger to the consideration, he cannot enforce the covenant against the two, although each one might enforce it against the other." ' In the *Gunter* case, it was held: 'A woman and another entered into a written contract on July 15, 1862, whereby the other party was to take the son of the woman, feed and clothe him, and give him a common-school education, and a horse, bridle, and saddle when he became twenty-one years of age; the son became of age in December, 1874, and brought suit in 1880, alleging a breach of the covenant, in that the person so agreeing had failed to give him a common-school education: Held, that the plaintiff could not maintain an action of covenant on the agreement set out, he not being a party or privy to the same, but a mere stranger, and the case was properly dismissed on demurrer.' In the *Shropshire* case, it was said [150 *Ga.* 566, 104 S. E. 415]: 'In England it is held, subject to the exceptions hereafter stated, that where two persons make a contract in which one of them promises to confer benefits upon a third party, the latter cannot sue upon the con-

tract, at law or in equity, for the money or other benefit which it is promised that he shall receive. . . In this State the English rule, in effect, was adopted in our first Civil Code (1863), section 3181, which section has appeared in all of our subsequent Codes, and is now embodied in the Civil Code of 1910, § 5516 [Code of 1933, § 3-108], which is: "As a general rule, the action on a contract, whether express or implied, or whether by parol or under seal, or of record, must be brought in the name of the party in whom the legal interest in such contract is vested, and against the party who made it in person or by agent." ' For the right to exist in a beneficiary to maintain in his own name an action on the contract between other parties, in which contract some benefit was supposed to be given to him, one of three possible situations must exist: (a) He must have been a party to the contract or in privity; or (b) a trust must have been created for him under the contract; or (c) his relation or status must have been changed. *Waxelbaum* v. *Waxelbaum,* 54 *Ga. App.* 823, 825 (189 S. E. 283); *First National Bank & Trust Co. in Macon* v. *Roberts,* 187 *Ga.* 472 (2) (1 S. E. 2d, 12). Obviously, had there been a breach of the contract between Dr. Avary and the father of the beneficiaries, the beneficiaries could not have enforced it under the general rule of force in this State or the exceptions thereto. As strangers to the contract, they had no vested rights under it, and in these circumstances we hold that the parties thereto had the right to modify or change it at will and without the consent of the beneficiaries; and such parties having elected to do so, the plaintiff in execution, who occupies the position only of a creditor, will not be heard to complain."

The plaintiff child in the present case was not a party to the alleged contract; and since his relation or status was not changed, so as to give him the right to enforce the agreement as in adoption cases, the question arises as to whether the petition alleged that a trust was created under the contract. The trust, forming an exception to the general rule that a contract which bestows benefits upon a stranger thereto may not be enforced by the latter, is obviously one created instanter by the agreement of the parties and not one that might arise in the future because of the happening of certain events. "Trusts are either express or implied. Express trusts are those created and manifested by agreement of the parties.

Implied trusts are such as are inferred by law from the nature of the transaction or the conduct of the parties." Code, § 108-104. "All express trusts shall be created or declared in writing." § 108-105. The petition does not purport to allege any written agreement but, on the contrary, expressly asserts that the agreement was oral. No implied trust can be found from the petition, there being no allegation that the grandmother was, under the agreement, to hold the property from the date of such agreement as that of the plaintiff child, with possession postponed until her death. Nor is there any allegation anywhere which would show a present beneficial interest in the child while the title was in another; the whole intent of the parties being that no right to the property should vest in the child until the death of the grandmother, who in the meantime held title both legal and equitable.

The plaintiff child does not stand in the position of a purchaser where the purchase-price has been fully paid, for the reason that, construing the petition most strongly against the pleader, as must be done on general demurrer, there are no allegations that he had rendered the grandmother any services and the contract did not contemplate that he would do so in the future. Furthermore, if it should be contended that since, under the facts of this case, its parents had rendered all of the services contemplated by the contract, the plaintiff child would have a perfect equity which would be a good title even at law, and which would be sufficient either to support or defeat an action in ejectment, the answer is that, having such an adequate remedy at law, he would not be entitled to maintain the present equitable action for specific performance.