CHAFFIN *v.* CHAFFIN, guardian.

No. 16615.   MAY 12, 1949.

*Charles W. Anderson,* for plaintiff in error.

*Lucian J. Endicott,* contra.

HEAD, Justice. ■ J. W. Chaffin, as guardian of the person and property of J. R. Chaffin, brought an equitable petition against J. B. Chaffin, to cancel a deed executed by his ward to the defendant. By amendment to the petition it was alleged that the deed was executed after the petitioner was appointed guardian, and that the deed is therefore void. Copies of the proceedings for the appointment of the guardian, and order of appointment, and the deed executed by J. R. Chaffin to J. B. Chaffin, are attached as exhibits to the petition, as amended. The case comes to this court on exceptions to the overruling of the demurrers of the defendant.

It is the contention of the plaintiff in error that the proceedings for the appointment of a guardian are void, as shown by the copies of proceedings attached to the petition, because there was no service on J. R. Chaffin, the averred incompetent, and no guardian ad litem appointed; and that it is only in cases where an alleged incompetent is violent, and the truth of such fact is verified in writing by a practicing physician appointed by the ordinary to examine such person, that personal service is not required.

The Code, § 49-604, provides in part as follows: "Upon the petition of any person, on oath, setting forth that another is liable to have a guardian appointed . . and upon proof that 10 days' notice of such application has been given to the three nearest adult relatives of such person, or that there is no such relative within the State, or where such notice is waived in writing by such relatives, and affidavit is made by any one of such relatives or other person that such person is violently insane and is likely to do himself bodily injury, and where the truth of such affidavit has been verified in writing by a practicing physician appointed by the ordinary to examine such person, the ordinary shall issue a commission," etc.

In *Owenby* v. *Stancil,* 190 *Ga.* 50 (4, 5) (8 S. E. 2d, 7), it was held: "In proceedings for the appointment of a guardian, taken under the Code, § 49-604, where the required ten days' notice is

given to the three nearest relatives, it is not necessary that an affidavit be made that the person for whom a guardian is sought is violently insane and is likely to do himself bodily injury. Nor is it necessary that any service of the application be made on such person or a guardian ad litem be appointed, the notice contemplated by the statute being the mandatory requirement that the commission appointed by the ordinary examine such person by inspection."

An examination of the proceedings in the appointment of J. W. Chaffin as guardian of J. R. Chaffin shows that ten days' notice was given to the three nearest adult relatives of the alleged incompetent, and the proceedings are not void as contended by the plaintiff in error.

The petition stated a cause of action for the cancellation of the deed, and the court did not err in overruling the general demurrers of the plaintiff in error.

■ The petition alleged that there are two cases pending in the Superior Court of Fulton County which should be consolidated with this case. The petition does not set out the issues involved in the two cases sought to be consolidated with the present case, and no copies of pleadings in such cases are attached. The allegation that the cases should be tried together is a conclusion of the pleader, and the court erred in overruling the special demurrer of the plaintiff in error pointing out this defect and contending that the paragraph should be stricken.

■ There is no merit in the other special grounds of demurrer as to which objections were renewed after the amendment to the petition.

*Judgment affirmed in part, and reversed in part. All the Justices concur. Hawkins, J., concurs specially.*