CHAFFIN *v.* CHAFFIN, guardian.

No. 17094. JUNE 13, 1950.

*Charles W. Anderson, J. Milam Morris Jr., Charles G. Reynolds,* for plaintiff in error.

*Lucian J. Endicott,* contra.

ALMAND, Justice. J. W. Chaffin, as guardian of the person and property of J. R. Chaffin, filed a petition against J. B. Chaffin, to cancel a deed to certain real estate, alleged to have been executed by the ward after appointment of the guardian. The general demurrer to the petition as amended was overruled, and that judgment was affirmed by this court. *Chaffin* v. *Chaffin,* 205 *Ga.*

344 (53 S. E. 2d, 367). Subsequently to the return of the remittitur to the trial court, the plaintiff filed two amendments to his petition. The first amendment disclosed that the ward had died and that J. W. Chaffin had been appointed administrator of his estate by the court of ordinary and had qualified as such, and prayed that J. W. Chaffin as administrator of the estate of J. R. Chaffin be substituted as a party in lieu of J. W. Chaffin as guardian of J. R. Chaffin. The second amendment, which was filed by the administrator, alleged that, by reason of the defendant's fraudulent conduct in obtaining the deed from J. R. Chaffin, the plaintiff had been put to an expense for attorneys' fees, and prayed a judgment in the sum of $250. The defendant filed general and special demurrers to these amendments and to the petition as amended, the grounds of general demurrer being that the petition as amended (a) substituted a new and distinct party plaintiff; (b) sets up a new and distinct cause of action; and (c) fails to set out any cause of action, legal or equitable. On the overruling of his demurrers the defendant assigns error.

It is insisted that the petition as amended is an action by the administrator to recover land, and that, to sustain the action, under the provisions of Code § 113-908, it is essential to allege either that the land has been in the possession of the administrator and is now held by the defendant, or that it is necessary to recover possession of the land for the purpose of paying debts or making a proper distribution.

There is no merit in this contention. When this case was here before, it was held that the petition, as against a general demurrer, set forth a cause of action for cancellation of the deed. The amendment did not change the cause of action, but merely substituted the administrator of the ward's estate in lieu of the guardian as party plaintiff, which is permissible under Code §§ 3-501 and 3-404. The prayers of the petition as amended are for a cancellation of the deed as a cloud upon the petitioner's title, to enjoin the defendant from asserting any right of ownership under the purported deed, for attorneys' fees, and for general relief. There are no allegations in the amended petition which disclose that any one other than the plaintiff is in possession of the property, or that the defendant is an heir at law of the deceased. The petition as amended is not subject to the

objection that a new party was substituted, or that a new and distinct cause of action was alleged.

The special grounds of demurrer, being neither argued nor insisted upon, are treated as abandoned. *Board of Education of Houston County* v. *Board of Trustees of Fort Valley Consolidated School District*, 170 *Ga.* 509 (5) (153 S. E. 214); *Smith* v. *State Board of Medical Examiners*, 172 *Ga.* 106 (2) (157 S. E. 268); *Miller* v. *Jackson*, 190 *Ga.* 668 (1) (10 S. E. 2d, 35).

*Judgment affirmed. All the Justices concur.*