EALY *et al. v.* TOLBERT.

ALMAND, Justice. Bessie Tolbert, individually and as executrix of the last will and testament of Nelson Tolbert, brought an equitable petition against Clarence Ealy and Mattie Louise Ealy, in which she in substance alleged: She was the widow and sole heir at law of Nelson Tolbert who died on March 6, 1952, and she was also the duly qualified executrix of the last will and testament of Nelson Tolbert, which will had been admitted to probate in common form, and letters testamentary had issued to her. Prior to his death, her husband had executed to her a deed conveying a one-half undivided interest in three described lots in Augusta, Georgia. On February 29, 1952, six days before his death, said Nelson Tolbert, while on his death bed and during his last illness, executed what purported to be a deed of gift, conveying to the defendants an undivided one-half interest in the aforementioned three lots. At the time said deed was executed, said Tolbert was feeble, confined to bed, a complete invalid and in his last illness; "said instrument was without any consideration whatever and was obtained through fraud, and Nelson Tolbert was induced to make his mark thereto without realizing the import or meaning of the paper to which he thus subscribed his mark; . . Nelson Tolbert was under no obligation to the defendants, and there was absolutely no reason for him to execute said purported deed and same was procured by them through false and fraudulent representations and as a result of a conspiracy between the defendants to defraud Bessie Tolbert and obtain a one-half undivided interest in the land fraudulently and without any consideration whatsoever." It was further alleged: that the defendants brought intoxicating liquors on numerous occasions to the home of said Tolbert while he was on his death bed, at least seven or eight pints within a period of one week prior to February 29, 1952; that during said period of time the defendants were continually persuading said Tolbert to convey to them his one-half undivided interest in these lots, "and by such means weakened his mind, his mental faculties being greatly impaired, and the said Nelson Tolbert being powerless and because of his weakened and enfeebled condition to resist the advances of the defendant, did yield and make this purported conveyance on February 29, 1952; and that they did further by false and fraudulent representations that they could get him well by rubbing him with certain oils and administering to him, even though they knew he had an incurable disease and was on his death bed, procure from him the said abovementioned purported deed." The prayers of the petitioner were that the defendants be temporarily and permanently restrained from selling, encumbering, or disposing of said undivided one-half interest in said

lots, that said purported deed be canceled, and that she, as executrix of said estate and as an individual, be declared by judgment to be the owner in fee simple of the title to the entire tract of land. The defendants' general and special demurrers being overruled, the case is here on a bill of exceptions complaining of the order overruling said demurrers. *Held:*

1. "Fraud will authorize equity to annul conveyances, however solemnly executed, and to relieve against awards, judgments, and decrees obtained by imposition." Code, § 37-709.

2. "Great inadequacy of consideration, joined with great disparity of mental ability in contracting a bargain, may justify equity in setting aside a sale or other contract." Code, § 37-710.

3. "Where a party at the time of entering into a contract or executing an instrument is intoxicated to such a degree as to deprive him of his reason and to disqualify his mind to apprehend the nature of his act and its probable consequences, a court of equity may grant relief by rescission and cancellation. Equity will grant relief where the transfer of a valuable property has been fraudulently extorted, for a grossly inadequate consideration, from a person while in such a state of intoxication as to render him incapable of transacting business." *McKaig* v. *Hardy,* 196 *Ga.* 582, 586 (27 S. E. 2d, 11).

4. "As against one who by fraud during the lifetime of the deceased induced the latter to execute to him a deed to realty, equity will afford the widow, as such personal representative, a remedy to cancel and set aside the deed and incidentally to preserve and apply rents issuing from such realty. Upon like principle equity will afford the widow as such personal representative a remedy to cancel and set aside a judgment obtained against her deceased husband during his lifetime, upon the ground of fraud or other sufficient cause." *Phillips* v. *Phillips,* 163 *Ga.* 899 (2) (137 S. E. 561).

5. The allegations of the petition, as against the general demurrers, were sufficient to allege a cause of action for canceling the deed from Nelson Tolbert to the defendants on account of (a) gross inadequacy of consideration, joined with great disparity of mental ability, and (b) that Tolbert was induced to sign said purported deed by fraud practiced upon him by the defendants. *Morris* v. *Mobley,* 171 *Ga.* 224 (2) (155 S. E. 8); *Stanley* v. *Stanley,* 179 *Ga.* 135 (175 S. E. 496); *Harden* v. *Weaver,* 184 *Ga.* 652 (192 S. E. 384); *McKaig* v. *Hardy,* supra; *Stow* v. *Hargrove,* 203 *Ga.* 735 (48 S. E. 2d, 454). The case of *Whitley* v. *Coleman,* 207 *Ga.* 685 (64 S. E. 2d, 67), relied on by the defendants, is not controlling, for the reason that the petition for cancellation in that case was based primarily on the grantor's mental incapacity to execute the deed, and the evidence did not show that he was non compos mentis.

6. The alleged grounds of error in overruling the special grounds of demurrer, not being argued or insisted upon, are treated as abandoned. *Board of Education of Houston County* v. *Board of Trustees of Fort Valley Consolidated School District,* 170 *Ga.* 509 (5) (153 S. E. 214); *Chaffin* v. *Chaffin,* 207 *Ga.* 36, 38 (59 S. E. 2d, 911).

7. The court did not err in overruling the general demurrers to the amended petition.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., not participating.*

No. 18057. Argued January 13, 1953—Decided February 24, 1953.

*Benjamin E. Pierce,* for plaintiff in error.
*Killebrew & McGahee,* contra.