**TURTLE CREEK NATIONAL BANK, Plaintiff,**

v.

**Kenn C. GRETZ, Robert R. Madean, Fred J. Salem, Defendants.**

**Civ. A. No. 1:86–CV–1723–JOF.**

United States District Court,
N.D. Georgia,
Atlanta Division.

March 24, 1988.

Robert Carl Cannon, Powell, Goldstein, Frazer & Murphy, Atlanta, Ga., for plaintiff.

John M. Comolli, Cohen, Pollock, Cooper & Comolli, H. Fred Gober, Arnall, Golden & Gregory, Charles M. Dalziel, Jr., Savell & Williams, Atlanta, Ga., for defendants.

## ORDER

FORRESTER, District Judge.

This action is before the court on the plaintiff's motion to substitute a party, defendant Madean's motion to substitute a party, Geraldine Salem's cross motion to substitute a party, and Geraldine Salem's motion for leaving stay in effect.[1] The three motions to substitute arise out of the death of defendant Fred J. Salem and seek to substitute his wife, Geraldine D. Salem, as a representative for the estate of Fred J. Salem in the plaintiff's action and in Fred J. Salem's cross-claim against defendant Madean and counterclaim against the plaintiff. Since Mrs. Salem and the remaining parties agree to the substitution, the motions for substitution would normally be granted with little or no discussion. However, the motions to substitute in this case are complicated by Mrs. Salem's motion for leaving stay in effect, which relies on the Georgia statute exempting an executor of an estate from lawsuits until the expiration of six months from his qualification.

The pertinent part of O.C.G.A. § 53–7–102 provides: "No action to recover a debt due by the decedent shall be commenced against the administrator or executor until the expiration of six months from his qualification." Though Mrs. Salem had not been named executrix of Fred J. Salem's estate at the time of her motion, she argues that the action against her as the representative of the estate should be

---

1. In its September 24, 1987 order the court stayed consideration of defendant Salem's motion for summary judgment and motion for leave to file a supplemental brief, as well as consideration of the plaintiff's motion for summary judgment against defendant Salem, due to the Suggestion of Death filed by Salem's attorney on August 27, 1987.

stayed for an additional six months after her qualification. The plaintiff opposes the motion for an additional stay, arguing that the statute does not bar the continuation of an existing lawsuit and that Mrs. Salem has waived whatever bar the statute may create.

The court agrees with the plaintiff that § 53–7–102 does not apply in this case. First, Mrs. Salem has not yet, to the court's knowledge, qualified as executrix of the estate and therefore is in no position to rely on the statute. Second, and more important, the statute should be understood to apply only to the commencement of actions against an executrix within six months of her qualification, not to continuations of actions pending at the time of the decedent's death. The statute by its terms prohibits only the commencement of an action against an executrix. A parallel statute dealing with actions against representatives of joint obligors likewise prohibits "the *bringing* of an action against the representative of any estate until six months after the probate of the will." O.C.G.A. § 9–2–27. Although there are no cases on this particular issue, none of the cases that impose the six-month stay under the statute involve pending actions; all involve the commencement of actions after the death of the party in question. *See, e.g., Cannon v. Tant,* 229 Ga. 771, 195 S.E.2d 15 (1972); *Hader v. Eastman,* 124 Ga.App. 548, 184 S.E.2d 478 (1971). In addition, no case dealing with the effect of a party's death in a pending action applies the six-month stay under § 53–7–102. *See, e.g., Chaffin v. Chaffin,* 207 Ga. 36, 59 S.E.2d 911 (1950); *Kilgo v. Bowman Transportation, Inc.,* 87 F.R.D. 26 (N.D.Ga.1980).

For the foregoing reasons, Geraldine Salem's motion to leave the stay in effect is DENIED.[2] As a result, there is no obstacle to the substitution of Geraldine Salem to serve as the representative of the estate of defendant Fred J. Salem to defend the plaintiff's claim and to pursue Salem's counterclaim against the plaintiff and his cross-claim against defendant Ma-

dean. Accordingly, the motions for substitution are GRANTED and Geraldine Salem shall be so substituted. The Clerk of Court is DIRECTED to submit the three motions pertaining to defendant Salem for a ruling.

---

2. Even if the requested stay were granted under the authority of § 53–7–102, it would not apply

to defendant Salem's counterclaim and cross-claim.