## S00A0215. ALLEN v. DOMINY.
### (529 SE2d 363)

CARLEY, Justice.

The late Edison Dominy was survived by his 83-year-old widow, Geraldine Dominy, and by his sister, Bertie Allen. During his final illness, Mr. Dominy gave a general power of attorney to his sister. In addition, Mrs. Dominy granted a limited power of attorney to Ms. Allen. It is undisputed that, in conversations with her brother, Ms. Allen agreed that she would take title to his real property in order to "protect" it and to insure that his wife would benefit therefrom. However, Ms. Allen instructed her attorney to prepare a deed conveying unencumbered fee simple title to her with no express provision for Mrs. Dominy's interest. During her brother's hospitalization, Ms. Allen obtained his signature on the deed and on a will, and did so without Mrs. Dominy's knowledge. Ms. Allen then held the deed for five months, and recorded it only after Mr. Dominy's death. Mr. Dominy's will named his sister as his executrix. The will also contained the following provision:

> I give, devise and bequeath all of my real property to my sister . . . for her life. At the time of her death, said property will become vested in her children . . . . However, my wife will be allowed to use and possess my home place . . . so long as she is alive. My wife will remain responsible for all maintenance and upkeep on this property. While my wife is alive, I direct my executor to pay all rental sums from [specified property] to my wife for her use and support. My executor is authorized to pay all maintenance, taxes and insurance on this property and pay over the net rental sums to my wife. All maintenance and tax expenses arising from my two vacant lots will be paid by my executor.

After Mr. Dominy's death, Mrs. Dominy discovered that, without any notice to her, her certificates of deposit and checking account had been moved to the bank where Ms. Allen worked. Also, Ms. Allen had her own name added to the certificates. Mrs. Dominy then revoked the power of attorney which she had given to Ms. Allen. When Mrs. Dominy subsequently applied for a year's support, Ms. Allen opposed the application based upon the deed to her from Mr. Dominy. Thereafter, Mrs. Dominy filed this action to set aside that deed. After discovery, the trial court granted summary judgment in favor of Mrs. Dominy and set the deed aside. From that order, Ms. Allen brings this appeal.

The trial court based its ruling on the finding that Ms. Allen was an agent of both Mr. and Mrs. Dominy, and that she breached the

duty owed to each. As a fiduciary, Ms. Allen could not "make advantage or profit for [her]self out of the relationship to the injury of [her] principal[s]. [Cits.]" *Harrison v. Harrison*, 214 Ga. 393 (1) (105 SE2d 214) (1958). Although she admitted that Mr. Dominy informed her that his paramount purpose was to protect and to provide for his wife, Ms. Allen nevertheless had her attorney draw a deed which conveyed title to her in fee simple absolute. Thus, it is undisputed that she did not perform the duty owed to him to obtain a deed which would protect and provide for Mrs. Dominy. Directing the preparation of an absolute deed and then relying upon that conveyance to oppose Mrs. Dominy's application for a year's support is a violation of Ms. Allen's promise to her brother that she would take title for his wife's benefit and protection.

Ms. Allen urges, however, that she did not violate any duty owed directly to Mrs. Dominy herself. Although she held a limited power of attorney from Mrs. Dominy, Ms. Allen did not use that power to gain title to the realty. She only used the general power of attorney from her brother to accomplish a disposition of his real property which did not comport with his wishes. Ms. Allen had a fiduciary duty to her brother, as the grantor, to effectuate his goal of insuring that his wife benefitted from his realty. As a third-party beneficiary of the agreement between her husband and sister-in-law, Mrs. Dominy is entitled to enforce its provisions. See OCGA § 9-2-20 (b); *Veruki v. Burke*, 202 Ga. 844 (44 SE2d 906) (1947). Thus, the trial court's ruling is not based upon an improper merger of the separate duties owed by Ms. Allen to Mr. and Mrs. Dominy. Moreover, even assuming that the evidence did not support a finding that Mrs. Dominy had individual standing as a third-party beneficiary of the promise made to her husband, she nevertheless would be authorized to have the fraudulent deed set aside in her representative capacity as his widow. *Ealy v. Tolbert*, 209 Ga. 575, 576 (4) (74 SE2d 867) (1953).

Ms. Allen contends that the trial court's ruling contravenes Mr. Dominy's testamentary intent. However, the order in this case does not affect the validity of the will. The legal effect of setting aside the deed is merely to prevent an ademption of the real property, thereby allowing that property to remain in Mr. Dominy's estate where it is subject to Mrs. Dominy's application for a year's support. Whether the will itself is valid is another matter entirely, and that issue is beyond the scope of this proceeding. Because it is undisputed that Ms. Allen violated her instructions from her brother and induced him to execute a deed which conveyed to her absolute fee simple title, the trial court correctly granted Mrs. Dominy's motion for summary judgment and set aside that conveyance.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 1, 2000 —
RECONSIDERATION DENIED MAY 26, 2000.

*Phillips & Phillips, Arthur L. Phillips,* for appellant.
*Walter J. Lane, Jr.,* for appellee.